CHARLES M. HARDY

v.

GEORGE H. RAPP.

*Filed at Ottawa November 17, 1884.*

1. TRIAL BY THE COURT—*saving questions of law.* Where a jury is waived, and a trial had before the court alone, and no questions of law are raised upon the admission or exclusion of evidence, and no propositions of law are presented to the court to be ruled upon, the record will present no question of law for the consideration of this court.

2. APPEAL—*reviewing facts.* The judgment of the Appellate Court affirming that of the circuit court, in an action on a promissory note, conclusively settles all questions of controverted fact in favor of the finding below.

| | |
|---|---|
| 112 | 359 |
| 125 | 505 |
| 112 | 359 |
| 131 | 107 |
| 131 | 551 |
| 112 | 359 |
| 132 | 140 |
| 112 | 359 |
| 143 | 329 |
| 112 | 359 |
| 160 | 489 |
| 112 | 359 |
| 163 | 446 |
| 112 | 359 |
| 165 | 209 |
| 112 | 359 |
| 207 | 156 |

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. CHAS. M. HARDY, *pro se.*

Mr. JOSEPH PFIRSHING, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, by the payee against the makers of a promissory note.

The appellant contended, upon the trial in the circuit court, first, that he was a mere surety on the note; second, that, being only such, appellee extended the time of payment on the note, by a valid agreement, without his consent; and third, that, as such surety, at the maturity of the note he notified the holder thereof, in writing, under the statute, to bring suit against the principal maker of the note, otherwise he would claim to be discharged from liability, and that no suit was brought pursuant to such notice. Evidence was

submitted upon these questions, to the court, who, by agreement of parties, tried the case without the intervention of a jury, and judgment was rendered in favor of appellee for the amount due upon the note.

No questions of law were raised upon the trial in admitting or excluding evidence, and no propositions of law were presented to the court, pursuant to the statute, to be ruled upon. There is, therefore, no question of law arising upon this record for our consideration. The judgment of the Appellate Court affirming that of the circuit court, conclusively settles all questions of controverted fact against appellant. *Tibballs* v. *Libby,* 97 Ill. 552; *Wrought Iron Bridge Co.* v. *Commissioners of Highways,* 101 id. 518; *Sconce* v. *Henderson et al.* 102 id. 376; *Bennett* v. *Connelly,* 103 id. 50; *Fitch* v. *Johnson,* 104 id. 111; *Edgerton* v. *Weaver,* 105 id. 43; *Pullman Palace Car Co.* v. *Bluhm,* 109 id. 20; *Chicago, Rock Island and Pacific Ry. Co.* v. *Lewis,* id. 120.

The judgment is affirmed.

*Judgment affirmed.*