Leopold Schlesinger *et al.*

*v.*

James B. Keifer.

*Filed at Ottawa November 26, 1889.*

1. Judgment—*for costs—in favor of defendant not in court.*  In an action at law against two defendants, only one was served with process or appeared, and a trial was had before the court without a jury, who found for the defendant, and judgment was entered in favor of "the defendants," for their costs:  *Held,* that if the judgment could be construed to be, in legal effect, a judgment in favor of a party not before the court, which is doubted, the error was a harmless one, as the party not served had incurred no costs or expenses.

2. Practice—*trial by the court—preserving questions of law.*  Where a jury is waived, and trial is had before the court, and no questions of law are raised upon the admission or exclusion of evidence, and no propositions are submitted to the court to be held as the law in the decision of the case, the record will present no questions of law for the consideration of this court.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Kraus, Mayer & Stein, and Mr. Isaac H. Mayer, for the plaintiffs in error.

Mr. G. W. Stanford, for the defendant in error.

Mr. Justice Bailey delivered the opinion of the Court:

This was an action of assumpsit, brought by Leopold Schlesinger and David Mayer against James B. Keifer and Nora B. Keifer, to recover for certain goods, wares and merchandize sold and delivered by the plaintiffs to defendant Nora B. Keifer. Only James B. Keifer was served with summons, the other defendant not being found.  The declaration consisted of the common *indebitatus assumpsit* counts, and also a special count

alleging, in substance, that during the months of September, October and November, 1886, the defendants were husband and wife and were residing in the city of Chicago, and that the plaintiffs, on various days during those months, at the special instance and request of defendant Nora B. Keifer, sold and delivered to her goods, wares and merchandize, consisting of dry goods, amounting in value, at the prices then and there agreed upon between the plaintiffs and said Nora B. Keifer, to $348.95; that the goods, wares and merchandize so sold and delivered by the plaintiffs to said Nora B. Keifer were proper expenses of the family of said defendants, and were by the said Nora B. Keifer purchased for and used and employed in providing proper wearing apparel for the family of said defendants; by means whereof and by force of the statute in such case made and provided, the defendants became liable to pay the plaintiffs said sum of $348.95, and being so liable, in consideration thereof, the defendants then and there undertook and promised the plaintiffs to pay them said sum of money when thereunto afterwards requested.

Defendant James B. Keifer pleaded *non assumpsit* and also a plea, verified by affidavit, denying his joint liability with the other defendant in respect to the several causes of action in the declaration mentioned; and on the issues formed by said pleas, the cause was submitted to the court for trial, a jury being waived, and at such trial the court found the issues for the defendant, and after denying the plaintiffs' motion for a new trial, gave judgment in favor of the defendants for costs. That judgment was affirmed by the Appellate Court on appeal, and the judges of that court having certified that the case involves questions of law of such importance, on account of principal and collateral interests, that it should be passed upon by this court, the record is now brought here by writ of error.

The evidence on the part of the plaintiffs tended to show that, during the period mentioned in the declaration, the de-

fendants were husband and wife, and that during that period the plaintiffs sold and delivered to Nora B. Keifer goods, consisting chiefly of various articles of female wearing apparel or of materials therefor, amounting in all to $348.95, and that some of said goods afterwards constituted portions of the wearing apparel of said Nora B. Keifer. The defendants' evidence tended to show that at the time said goods were purchased and for a considerable time prior thereto, the defendants were living separate and apart from each other and therefore did not constitute a family to which family supplies could be furnished, and that shortly thereafter they were divorced.

A point is made that the judgment for costs is in favor of both of the defendants, while but one was served with process or appeared. In form the judgment entered is in favor of the "defendants," but if it is for that reason to be construed to be, in legal effect, a judgment in favor of a party not before the court, which may well be doubted, the error is manifestly one which can work no prejudice to the plaintiffs. The defendant not served has incurred no costs or expenses, and a judgment for the costs and charges by the defendants about said suit expended, can, in the nature of things, be only a judgment for the costs expended by the defendant who appeared and made defense. The costs which the plaintiffs will be compelled to pay are in no degree increased by the error in the entry of the judgment, and said error therefore, so far as the plaintiffs are concerned, is wholly immaterial.

Some complaint is made of certain rulings of the trial court in the admission and exclusion of evidence. We have given the points thus raised our careful consideration, but find in them nothing which merits special discussion. All we need say is, that, in our opinion, the decisions of the court in that respect were substantially correct, and that they are not open to the objections which counsel seek to raise.

Notwithstanding the certificate of the judges of the Appellate Court that the case involves questions of law of such im-

portance that it should be passed upon by this court, we are able to find, beyond the points already adverted to, no question of law whatever which is so presented by the record as to be open for consideration here. The case was submitted to the trial court upon the evidence, without the presentation of any propositions to be held as the law in the decision of the case. So far as the record furnishes us with any evidence then, the only questions submitted to and passed upon by that court were mere questions of fact and upon all questions of that character the judgment of the Appellate Court is conclusive.

The suit is brought to enforce a liability imposed by section 15 of the statute in relation to "Husband and Wife," but there is nothing before us from which we can say that the trial court misconceived or put an improper construction upon the provisions of said statute, or failed in any respect to apply those provisions to the evidence heard at the trial. If the conclusion reached was erroneous—and as to that there is no occasion for us to express an opinion—the error, so far as the record shows, may have arisen from a misconception of the evidence and a mistaken conclusion as to the facts, thus presenting questions over which we have no revisory power.

We have frequently held that, where a jury is waived and the trial is had before the court, and no questions of law are raised upon the admission or exclusion of evidence, and no propositions are submitted to the court to be held as the law in the decision of the case, the record will present no questions of law for the consideration of this court. *Hardy* v. *Rapp*, 112 Ill. 359, and cases there cited.

As we find no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*