ADOLPH HOLNBACK

v.

H. CLAY WILSON.

*Filed at Springfield November 25, 1895.*

1. INSOLVENCY—*right of assignee to property—in what action determined.* An assignee for creditors need not, in the first instance, bring ejectment or forcible detainer to determine whether certain real estate has vested in him under the assignment, but may have that question determined in a proceeding under the Assignment act for an order to sell the property.

2. TRIAL—*limits of right to trial by jury.* The constitutional guaranty of the right of trial by jury does not apply to special summary jurisdictions unknown to the common law.

3. SAME—*no jury required to determine assignee's right to property.* The constitutional guaranty of right of trial by jury does not apply to a proceeding under the Assignment act, by an assignee, to sell real estate, involving the question whether such real estate in fact vested in the assignee under the assignment.

4. HOMESTEAD—*mere collection of persons not a family.* A man with no family of his own, but renting a house, in which he resides with a number of persons whom he is under no obligation to support and to whom he is in no manner related, is not entitled to a homestead exemption.

APPEAL from the County Court of Sangamon county; the Hon. CHARLES P. KANE, Judge, presiding.

JOHN G. FRIEDMEYER, and WILLIAM F. HERNDON, for appellant:

County courts, in Illinois, are not vested with general chancery power. Hence appellant, whether defending under a petition or other form of action, has the right to have the issues submitted to a jury, as in a common law action. *Preston* v. *Spaulding,* 120 Ill. 209; *Davis* v. *Dock Co.* 129 id. 181; Snell on Principles of Eq. 17; Const. art. 2, sec. 5.

The decree in this case cannot be sustained, because, first, the petition of appellee is, at most, only an action for possession; second, in a common law forum the action

would be "an action of forcible detainer;" and third, it could only be maintained by giving the requisite statutory notice to quit.   *Davis* v. *Dock Co.* 129 Ill. 194; Cunningham on Forcible Detainer, pp. 135, *et seq.*, 109, 86.

A householder is defined to be "the head of a household; the person who has charge of and provides for a family or household."   Anderson's Law Dic. 516.

A person owning a dwelling house that is capable of being occupied for that purpose, is, in the sense of the statutes, a householder.   *Rock* v. *Haas*, 110 Ill. 533; 9 Am. & Eng. Ency. of Law, 783.

ORENDORFF & PATTON, CONKLING & GROUT, and MC-GUIRE & SALZENSTEIN, for appellee :

The constitutional guaranty of right to trial by jury has no application to special summary jurisdictions which did not exist at common law, like the jurisdiction of insolvent estates.   *Ward* v. *Farwell*, 97 Ill. 614; *Johnson* v. *Railroad Co.* 23 id. 207; *Ross* v. *Irving*, 14 id. 179; *Seavey* v. *Seavey*, 30 Ill. App. 638.

The power of the county court to order a writ of possession in the decree is fully established in the case of *Harding* v. *Fuller*, 141 Ill. 308.

To constitute a family, within the meaning of the homestead laws, a mere aggregation of individuals in the same house is not sufficient.   There must be an obligation upon the head of the house to support the others, or some of them, and on their part a corresponding state of dependence.   9 Am. & Eng. Ency. of Law, p. 449, note 2; 7 id. 804; *Greenwood* v. *Maddox*, 27 Ark. 684; *Bosquett* v. *Hall*, 90 Ky. 566; *Harbison* v. *Vaughn*, 42 Ark. 539; *Rock* v. *Haas*, 110 Ill. 528; *Calhoun* v. *Williams*, 32 Gratt. 18; *Race* v. *Oldridge*, 32 Am. Rep. 30, note; *Ryhiner* v. *Frank*, 105 Ill. 326; *Aaron* v. *State*, 37 Ala. 106; *Gunn* v. *Gudelins*, 15 B. Mon. 447; *Griffin* v. *Sutherland*, 14 Barb. 456; *Stanton* v. *Hitchcock*, 64 Mich. 316.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was a petition in the county court of Sangamon county by H. C. Wilson, assignee of Adolph Holnback, praying for an order to sell lot 11, in block 3, of Roll's addition to Springfield, Illinois, and that the proceeds of sale, over and above a certain mortgage debt, be placed in the general fund in the hands of said assignee for the benefit of the insolvent's creditors.  Holnback was made defendant to the petition.  He put in an answer, and by leave of court filed a cross-petition, in which he set up and claimed a homestead in the premises sought to be sold. The property in question was purchased by Holnback on the first day of March, 1893, and the deed of assignment was executed September 13, 1894.

Before proceeding to the real question presented by the record, viz., whether the appellant is entitled to a homestead in the premises, a few preliminary questions raised by appellant require some consideration.  It is first claimed in the argument that this proceeding is one to obtain possession of property by an assignee, and he should be required to bring ejectment or forcible detainer; and second, it is claimed that appellant was entitled to a trial before a jury.

Under section 1 of the Assignment act (Hurd's Stat. chap. 10,) the deed of assignment vests in the assignee all property of the debtor not exempt.  Section 8 specifically provides for citation of the debtor upon application of the assignee, and for his examination as to his property and effects, and that the court "may compel the delivery to the assignee or assignees of any property or estate embraced in the assignment."  Section 7 provides that the assignee shall at all times be subject to the order of the court in the execution of the assignment, while section 11 authorizes the assignee to make sale of the real estate of the insolvent.  The application of peti-

tioner, the bringing the defendant into court, the hearing and judgment of the court that the property passed by the assignment, and the direction of the court to the assignee to proceed and sell the property, are all fully warranted by the sections of the Assignment act. In *Davis* v. *Chicago Dock Co.* 129 Ill. 180, it was expressly held that the county court has jurisdiction and power, in the first instance, to determine what property has passed to the assignee, and the nature and extent of the interest acquired by him therein under the assignment.

As respects the position that the question should have been submitted to a jury, it is sufficient to say that there is no provision of the statute authorizing or requiring a jury trial where a question arises as to what property vests in an assignee, and as was held in *Ward* v. *Farwell,* 97 Ill. 593, the constitutional guaranty of right of trial by jury does not apply to special, summary jurisdictions unknown to the common law. We think it plain that the entire matter presented by the petition and cross-petition was one purely for the determination of the county court.

We now come to the question whether appellant was entitled to an estate of homestead in the premises. The homestead was not waived in the deed of assignment, and if appellant, at the time the deed was made, was entitled, under the statute, to a homestead, that right has not been lost. The statute conferring the estate of homestead provides: "Every householder having a family shall be entitled to an estate of homestead." Did appellant fall within this provision of the statute? Was he, at the time of the assignment, a householder having a family? It appears from the evidence that Adolph Holnback formerly resided in Jerseyville, where he had a wife and five children. The wife died more than five years ago, and prior to March 1, 1873, the three older children were married, and the other two children—a son twenty years old and a daughter nineteen—were still with appellant. He then, as he says, about March 1, 1893, "broke

up housekeeping, left the two children to care for themselves, and went to Springfield," so that when he arrived in Springfield he had no wife, child or relative of any description living with him or depending on him for support. ·After appellant broke up housekeeping in Jerseyville and at the time he arrived in Springfield he was not a householder having a family, and was not then entitled to a homestead.

But it is said, after the first of March, 1893, and before the assignment, he occupied a different position. Before leaving Jerseyville appellant had .become acquainted with a Mrs. Hossner, who resided on a farm near that town. She kept house, and Eugene Everhardt and Mrs. Rosalie Everhardt lived with her on the farm. Before leaving Jerseyville appellant stopped for a time with Mrs. Hossner on the farm, and upon his arrival in Springfield, on or about the first of March, 1893, he rented a house and Mrs. Hossner and the two Everhardts moved there and resided with him. Subsequently he purchased the premises in question and moved thereon. These parties were in no way related to appellant, and he was under no obligation to contribute to their support. When the deed of assignment was made appellant was occupying the property in question, and the three parties named were living with him, as they had done since he first came to Springfield, and it is claimed he was a householder having a family, within the meaning of the statute.

In order to establish an estate of homestead under the statute of this State, three things must concur: First, the person claiming the estate must be a householder; second, he or she must have a family; and third, the premises claimed must be occupied as a residence. Where either of the three requirements do not exist the person claiming a homestead must fail. In *Rock* v. *Haas,* 110 Ill. 528, in discussing what facts are necessary to create the estate, the court said (p. 533): "A person owning a dwelling house that is capable of being occupied for that pur-

pose is, in the sense of the statute, a householder. But
he or she, under the statute, must have a family. Then
what is a family? It is, in its popular sense, defined by
lexicographers to be a collection of persons living to-
gether. Hence one person can not constitute a family.
*   *   *   And a family of the owner or householder is
indispensable to the creation of the estate of homestead.
A person never having been married and having no family
cannot claim such an estate. Nor can a man or a woman,
having once been married and surviving the husband or
wife, and having no children, and acquiring title to such
property after the death of the husband or wife, claim an
estate of homestead therein, any more than can a person
who was never married." In the State of Massachusetts,
where the statute provides that "there shall be exempted,
to the value of $800, the homestead, farm or lot, or build-
ing thereon, occupied as a residence and owned by the
debtor, he being a householder and having a family," it
was held that the statute did not embrace a case of an
unmarried woman having no children. (*Woodworth* v.
*Comstock*, 10 Allen, 425.) In the State of Georgia a hus-
band, a widow, a guardian or trustee, who represents
those who are dependent upon him or her for support,
and is the head of a family of such dependents, is enti-
tled to a homestead. (*March* v. *Lazenby*, 41 Ga. 153.) The
American and English Encyclopedia of Law (vol. 9, p.
449, note 2,) states the rule as follows : "To constitute a
family, within the meaning of the homestead laws, a mere
aggregation of individuals in the same house is not suffi-
cient. There must be an obligation upon the head of the
house to support the others, or some of them, and on their
part a corresponding state of dependence." *Greenwood* v.
*Maddox*, 27 Ark. 684; *Harbison* v. *Vaughn*, 42 id. 539.

Without undertaking to lay down a general rule under
which it could be determined, in every case, who might
be regarded a householder having a family, within the
meaning of the statute, we are satisfied, under the facts

disclosed by this record, appellant was not such a house-holder.  A collection of individuals occupying a house, in no manner connected with each other, no obligation resting on the head of the household to support the others and no dependence existing on their part upon the head of the family, cannot, in our opinion, be regarded as a family, within the meaning of the Homestead act.  But we do not think it was intended by the legislature to restrict the operation of the statute to a married man with a family.  A bachelor or a widower who occupies a house as the head of a family, on land which he desires to set apart as a homestead, who has living with him a mother, father, sisters or brothers who are dependent upon him for support, and where there is a corresponding duty of support resting on him, might properly be regarded as a householder having a family, within the meaning of the statute.  The second section of the Homestead act provides : "Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age."  This section, limiting the homestead to relatives in case of the death of the householder, would seem to indicate that the legislature never contemplated that a family of the householder could be made up of persons in no manner related to each other, by consanguinity or otherwise.  We do not think the legislature ever intended to confer the estate of homestead upon a man with no family of his own, who had a house he occupied with a collection of persons who he was under no obligation to support or to whom he was in no manner related; but, on the other hand, the object of the statute was to protect a householder who had a family of his own, who were dependent upon him for support and to whom he owed some duty.

The judgment of the county court will be affirmed.

*Judgment affirmed.*