# George Warrington v. Samuel Anable and George M. Power, Co-partners as Anable & Power.

1. HUSBAND AND WIFE—*Liability for Family Expenses.*—Where two persons are living together as husband and wife, and are recognized and treated as such, the husband is liable for the family expenses, although credit may have been extended to the wife alone.

**Assumpsit,** for goods sold and delivered. Trial in the Circuit Court of Cook County; the Hon. JAMES A. GARVER, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 20, 1899.

HINER & WATERS, attorneys for appellant.

JAMES J. HOCH, attorney for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The questions submitted to the trial judge, who heard this cause without a jury, depended wholly upon the facts of the case, which are simple and few. The suit was to recover a balance of $75.82, claimed for supplies to the amount of $95.82, furnished to appellant by the appellees, who are retail grocers, upon the order of appellant's wife, with whom he was living.

The evidence has been fully considered by us, and amply sustains the judgment. Hoyle v. Warfield, 26 Ill. App. 628, is an authority in point as to the liability of the husband for family supplies furnished to the wife.

The propositions of law submitted by the appellant and marked "refused" by the trial judge were properly refused. Those which apply to the payment of $20 made by appellant are defective, in not including further elements necessary as a matter of law to relieve appellant. That payment was made by a bank check sent by mail without any directions whatever as to the application to be made of it, and appellees applied it as a credit on the account as a whole.

While the payment was "not proof that he (appellant) authorized the purchase of the goods," it was nevertheless competent to consider the fact of the payment in connection with the other evidence in the case in determining appellant's liability under all the evidence.

We might hesitate over the proof of a delivery of the goods, if there were not evidence tending to show repeated promises by appellant to pay the account, and if, at the time appellant paid the $20, he had made such an objection.

Appellant's objection to the account was not, when testifying, or at any other time, that the supplies were not delivered, but that he had not authorized their purchase and was not liable to pay for them.

Upon the record before us we are not, justified in saying that the court below erred in any substantial respect, and the judgment will be affirmed.