## Elizabeth Stodgell v. Felix Jackson, et al.

1. HOMESTEAD—*what essential to show.* In order to show that a homestead exists, within the meaning of section one of the Homestead Act, three things must concur: (1) the person claiming the estate must be a householder; (2) such person must have a family; and (3) the premises claimed must be occupied as a residence.

2. HOUSEHOLDER—*who is a.* A person to be a householder, within the meaning of section one of the Homestead Act, must have a family residing with him and the person or persons constituting such family must be a person or persons whom the householder is under some legal or moral obligation to support, and there must likewise be a corresponding dependence by such person or persons upon such householder. A minor nephew whom such householder has voluntarily assumed the obligation to support and has supported, is such a person, notwithstanding such nephew has a father living, physically able and legally responsible for his support.

Bill to enjoin sale of homestead. Appeal from the Circuit Court of Schuyler County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

L. A. JARMAN and GLASS & BOTTENBERG, for appellant.

D. L. MOURNING, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant filed her bill in equity to enjoin appellee, the sheriff of Schuyler County, from selling a house and lot levied upon by him under an execution issued upon a judgment against her, in favor of her brother Albert T. Stodgell, for the sum of $2,095.

The bill avers that appellant is the owner of the property in question; that she is a householder, having a family; that she occupies the property as a homestead and that the property is worth not to exceed $1,000. Albert T. Stodgell answered the bill admitting that appellant was the owner of the property, the recovery of the judgment against her and the issuing of the execution thereon, but denies that appellant is a householder having a family and that she occupies the property as a homestead, and avers that the property is worth $1,200.

The cause was heard by the chancellor on bill, answer, replication and proofs, and a decree entered finding that appellant was not a householder having a family; that she was not entitled to an estate of homestead in the property; that the same was subject to levy and sale under the execution, and dismissing her bill.

The only question for our determination is, whether appellant was at the time of the rendition of judgment against her, a householder having a family within the meaning of the homestead exemption laws and entitled to an estate of homestead.

Appellant is a maiden lady, about sixty years of age, and since the death of her mother, in 1895, has continued to reside on the premises in question.    In 1896 she took into her home a boy, then about six years of age, the son of her nephew.    The boy's mother and father had separated, the boy going with his mother, on such separation.

After his mother's death, the boy remained for a short time with his grandmother and then went to the home of appellant, as stated.    The father worked from place to place as a farm hand; had no home of his own and has contributed nothing to the support of his son.    Appellant with the father's consent, but without any express agreement to that effect, took the boy to her home, to raise as her own; has sent him to school; cared for him and provided for his wants, as for her own son.

Section 1 of the Homestead Act provides, "that every householder having a family shall be entitled to an estate of homestead to the extent in value of $1,000, in the farm or lot of land and buildings thereon owned or rightly possessed by lease or otherwise, and occupied by him or her as a homestead."    In order to establish an estate of homestead under this statute, three things must concur: first, the person claiming the estate must be a householder; second, he or she must have a family; and third, the premises claimed must be occupied as a residence.    It is conceded that appellant possessed the first and third essentials.

No general rule has or can be laid down by which to de-

termine, in every case, who is to be regarded as a householder, having a family, within the meaning of the statute. A careful reading of the cases in which the Supreme Court has passed upon the question here involved, leads to the conclusion that there must exist on the part of a householder a legal or moral duty to support one, claimed to be a member of his or her family, and a corresponding dependence on the part of such an one, upon such householder. Holnback v. Wilson, 159 Ill. 148; Brokan v. Ogle, 170 Ill. 115; Wike v. Garner, 179 Ill. 257. There can be no question, under the evidence in this case, but that appellant assumed and had fulfilled for six years a moral obligation to support the boy she took into her home, at an age when he was unable to provide for himself and when he required some one to stand in *loco parentis* to him, and that he looked to and depended upon her for such support. That the boy had a father living, physically able to, and legally responsible for the support of his son, does not militate against appellant's claim that he constitutes her family. The father had not supported the boy from the latter's infancy and has manifested a willingness that that necessary duty should devolve upon and be assumed by others. We conclude that the boy constitutes the family of appellant and that she is entitled to an estate of homestead in the premises in question.

The decree of the Circuit Court will be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*