## Allie Miller, Administratrix, v. Cobden Building & Loan Association.

1. PROPOSITIONS OF LAW—*effect of absence of.* When a case is tried by the court without a jury and no propositions of law are presented, it will be conclusively presumed on appeal that the trial court correctly applied the law to the facts.

2. FINDING OF COURT—*when cannot be reviewed as to matters of fact.* Where the bill of exceptions does not contain all of the evidence heard in the cause, the finding of the court will not be reviewed on appeal as to matters of fact.

Contested claim in court of probate. Appeal from the Circuit Court of Union County; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

D. W. KARRAKER, for appellant.

HILEMAN & SESSIONS and JAMES LINGLE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

From September 19, 1898, to March 2, 1899, Lewis T. Linnell and A. J. Miller conducted a banking business as

co-partners in the village of Cobden, Illinois, under the name of the Bank of Cobden. The bank was managed by Linnell as president with E. A. Strong as cashier; A. J. Miller, being engaged in other business, was not active in the management of the bank. On the latter date, the bank made an assignment for the benefit of creditors and Linnell also made an individual assignment for the benefit of his private creditors. The Cobden Building & Loan Associa-. tion was during such partnership, and is now, a corporation doing business in the same village. At the time A. J. Miller was its president, J. H. Clark its secretary and L. T. Linnell its treasurer. A book belonging to appellee and known as the "B. & L." book was kept in the bank on which entries of all moneys received and paid out on account of appellee, were made by Linnell or Strong, the cashier, for him. The moneys of the association were collected and paid out as follows: Clark, the secretary, would collect the dues from day to day and place them to his personal account at the bank and at the end of the month would issue a check to Linnell, the treasurer, taking his receipt as treasurer therefor. Linnell or Strong for him would place this money in the general fund of the bank, make the entry on said book of the association kept at the bank and credit the same to the association on the cash book of the bank. This money was paid out on orders drawn on the treasurer, Linnell, signed by Miller as president and Clark as secretary of the association, charged to the association on the bank cash book and an entry of such payment made on the association book at the bank. These orders were cashed by the bank without any further order or check from Linnell. When the money was received by the bank, the cash account was charged with it as having been deposited by appellee; when paid out the cash account was credited with it as having been paid out on account of appellee. At the time the bank failed it appeared from the entries on the cash book there was a balance due the association of $1,605.61.

Linnell died intestate during the month of March, 1899. The following month Miller also died intestate and his wife,

the appellant herein, became administratrix of his estate. On November 3, 1899, the sureties on the bond of Linnell, as treasurer of the Cobden Building & Loan Association, deposited the amount due the association under an agreement between them and appellee, that this suit was to be brought against appellant and they should receive the benefit of whatever amount was collected from appellant.

A claim was then filed by appellee against the estate of A. J. Miller for the amount shown to be due it by the bank's books and the same was allowed by the County Court. An appeal was taken to the Circuit Court, where a jury was waived, case tried by the court and the claim again allowed. From the judgment of that court, the administratrix prosecutes this appeal.

Upon the trial of the case, appellant presented no written propositions of law to be passed upon by the court, as is provided for by section 42 of the Practice Act. She does not here point out any error of the court below in ruling upon the admission or exclusion of evidence and none appears. The court below therefore must be presumed to have applied the law correctly to the facts in the case, and the record presents no question of law for the consideration of this court. Hardy v. Rapp, 112 Ill. 359; Schlesinger v. Keifer, 131 Ill. 104; City of Alton v. Foster, 207 Ill. 150.

The bill of exceptions recites at the close of the evidence, that, "the foregoing was all the evidence introduced on the trial of this case." It however, refers to certain evidence as having been offered and admitted, when the evidence does not appear therein. A portion if not all of the omitted evidence appears to have been in reference to material matters and in its absence the finding of the court below upon the facts is not properly before us for review. Garrity v. Hamburger Co., 136 Ill. 499.

We have however examined the record carefully and are of opinion that the merits of the case and the law are with the appellee and that the judgment of the court below, allowing the claim, should be and it is hereby affirmed.

*Affirmed.*