## Lon G. Rand, Defendant in Error, v. William S. Bogle, Plaintiff in Error.

### Gen. No. 21,519.

1. DIVORCE, § 172*—*when marriage of divorced person void.* A marriage celebrated in disregard of the prohibition of the Divorce Act, prohibiting remarriage of a divorced person within one year after the time of the divorce, is void wherever celebrated.

2. HUSBAND AND WIFE, § 14*—*when existence of legal relation condition precedent to maintenance of action for necessaries.* Under the statute it is a condition precedent to a recovery from a husband for family expenses that there be a legal relation of husband and wife.

3. HUSBAND AND WIFE, § 14*—*when existence of legal relation essential to recovery for services rendered alleged wife.* In order to recover for the services of a dentist rendered to one alleged to be the wife of the defendant, it is essential that the legal relation of husband and wife exist between them.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed January 17, 1916.

M. F. GALLAGHER and E. B. WILKINSON, for plaintiff in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOSEPH R. BURRES, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff brought an action in the Municipal Court against plaintiff in error Bogle and Mrs. Cloe Barry and recovered for dental services rendered by plaintiff to Mrs. Barry. He recovered against both defendants and the writ of error was sued out in the name of both, but Bogle only assigned errors. His codefendant was summoned and there was a judgment of severance and he prosecuted this writ of error to reverse the judgment.

Recovery was allowed on the theory that the claim of the plaintiff was family expenses, for which both defendants were liable under the statute. Mrs. Barry was divorced October 8, 1912, and went through a marriage ceremony with Bogle November 4, 1912, and the parties lived together in Chicago from November, 1912, to September, 1913. Mrs. Barry filed a bill in December, 1913, for the annulment of her alleged marriage to Bogle, and a decree was entered January 6, 1914, declaring such marriage void and ordering that it be annulled. The Divorce Act prohibits either party from remarrying within one year from the time of the divorce, and a marriage celebrated in disregard of this prohibition is void wherever celebrated. *Wilson v. Cook,* 256 Ill. 460.

Under the statute it is a condition precedent to a recovery for family expenses that there be a legal relation of husband and wife. *Schlesinger v. Keifer,* 30 Ill. App. 253, affirmed in 131 Ill. 104; *Houghteling v. Walker,* 100 Fed. 253; *Holnback v. Wilson,* 159 Ill. 148.

There is in the record no evidence to support a recovery against plaintiff in error, and the judgment of the Municipal Court is reversed.

*Reversed.*