## C. Abrams, Appellee, v. R. C. Traster and Helen Traster. R. C. Traster, Appellant.

### Gen. No. 31,487.

1. HUSBAND AND WIFE—*common-law obligation of husband for wife's necessaries.* At common law, a husband was liable for necessaries furnished his wife even though the marriage was invalid.

2. HUSBAND AND WIFE—*effect of marriage invalidity on husband's liability for wife's necessaries.* Under Cahill's St. ch. 68, ¶ 15, providing husband and wife are liable for family necessaries, a man who has

gone through a marriage ceremony, invalid because occurring before the woman had secured a divorce from her husband, but continues to live with her and to hold himself out as her husband, is liable as well as she for the value of clothes bought by her while the relation continued.

Appeal by defendant from the Municipal Court of Chicago; the Hon. T. H. MILLER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed June 13, 1927.

WEBSTER & HOLMGREN, for appellant; DANIEL WEBSTER and ELMER N. HOLMGREN, of counsel.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendants to recover $160 which he claimed as a balance due him for goods, wares and merchandise sold and delivered to the defendant Helen Traster. Both defendants were served and Helen Traster entered her appearance in writing but did not appear on the trial. The case was tried before the court without a jury and there was a finding and a judgment in plaintiff's favor for the amount of his claim against both defendants and R. C. Traster prosecutes this appeal.

The record discloses that on the 31st of May, 1922, the defendants went through a marriage ceremony before a justice of the peace at Crown Point, Indiana; that on July 15, 1919, the defendant, Caroline H. Emminger, now Mrs. Traster, was lawfully joined in marriage to Frank A. Leitner and that they were divorced in Cook county, Illinois, June 4, 1922. The evidence further shows that on November 22, 1925, a decree was entered by the superior court of Cook county annulling the marriage that had been performed at

Crown Point, Indiana, on the ground that at the time that marriage was entered into there was a legal marriage still in force and effect between Mr. and Mrs. Leitner. It further appears that after the marriage ceremony was performed at Crown Point, the defendants returned to Cook county and resided together as husband and wife and that during the time they lived together as husband and wife, plaintiff sold to Mrs. Traster certain wearing apparel and it is to recover the balance due for the wearing apparel that plaintiff sues. The evidence further shows that some of the purchases were made from plaintiff by Mrs. Traster when the defendant R. C. Traster was present, and that there was no intimation by the defendants at any time that would indicate that the marriage ceremony performed at Crown Point, Indiana, was not legal, and plaintiff had no notice of any kind or nature that there was any question about the validity of the defendants' marriage, but on the contrary, it was assumed by all parties that such marriage was binding so far as the business transaction between the plaintiff and the defendants was concerned.

Plaintiff in his statement of claim alleged that the $160 was due him for goods, wares and merchandise sold and delivered to Mrs. Traster and further that there was an account stated between him and the defendants. There is a further paragraph in the statement of claim alleging that plaintiff's claim was based upon section 15, chapter 68, Revised Statutes, Cahill's St. ch. 68, ¶ 15, which is as follows: "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." While plaintiff's statement of claim was in the nature of three counts, yet an examination of the record discloses the fact that the case was tried

upon the theory that plaintiff was entitled to judgment by virtue of section 15, above quoted, and we shall decide the case upon that theory.

The defendant, R. C. Traster, contends that the judgment is wrong and should be reversed because the evidence fails to show that the merchandise alleged to have been sold and for which plaintiff sued was in fact delivered to Mrs. Traster and further that the evidence fails to show the fair and reasonable market price of the wearing apparel. We have examined the entire record in this case and are clearly of the opinion that each of these contentions is without merit. No such contention was interposed upon the trial, but on the contrary, the defense was that R. C. Traster was not liable under section 15 above quoted, for the reason that before recovery could be had in that case a valid marriage must have been entered into between the defendants. Moreover, we think the evidence in the record is sufficient because it tends to show that goods were sold by the plaintiff to Mrs. Traster,—some of them in the presence of R. C. Traster and payments made from time to time thereafter apparently by Mrs. Traster.

In support of the defendant's contention that before a husband can be held liable under section 15, above quoted, it is a condition precedent that there be a legal marriage between the parties, the cases of *Rand v. Bogle*, 197 Ill. App. 476; *Hess v. Slutsky*, 224 Ill. App. 419; *Schlesinger v. Keifer*, 131 Ill. 104; *Holnback v. Wilson*, 159 Ill. 148, are cited.

In the *Rand* case suit was brought by Rand, a dentist, against William L. Bogle and Mrs. Cloe Barry to recover for professional services rendered by him to Mrs. Barry. Judgment was entered against both defendants. Bogle sued out a writ of error from this court where the judgment was reversed. It appeared that Mrs. Barry was divorced October 8, 1912, and on

November 4th following went through a marriage cere-
mony with Bogle and from that date the parties lived
together in Chicago until September, 1913. In Decem-
ber, 1913, Mrs. Barry filed a bill praying that the mar-
riage between her and Bogle be annulled and a decree
was entered January 6, 1914, declaring the marriage
void. The court there said (p. 477): "Under the
statute it is a condition precedent to a recovery for
family expenses that there be a legal relation of hus-
band and wife. *Schlesinger v. Keifer,* 30 Ill. App. 253,
affirmed in 131 Ill. 104; *Houghteling v. Walker,* 100
Fed. 253; *Holnback v. Wilson,* 159 Ill. 148." This
quotation is all that was said on the subject. We pre-
sume that the statute mentioned in the paragraph
quoted referred to section 15. An examination of the
authorities cited in support of the proposition that
there must be a legal marriage between husband and
wife before a recovery can be had under section 15
discloses the fact that none of them is in point. In the
*Schlesinger* case suit was brought against husband and
wife and liability was predicated upon section 15. It
there appeared that there was a valid marriage be-
tween the defendants, but that the parties were not
living together as husband and wife at the time the
dental services were performed for the wife but that
the defendants were living separate and apart and
the court held that before recovery could be had there
must be a family in fact. Obviously that case is not
in point. In the instant case there was no valid mar-
riage between the parties, but they were living together
as husband and wife. The question was not passed
upon by the Supreme Court in the *Schlesinger* case
(131 Ill. 104), but the judgment was affirmed on other
grounds.

In the *Houghteling* case there was a valid marriage
between the parties defendant and the question now
before us was in no way involved or considered. And
the *Holnback* case involved the question of a home-

stead. No question in regard to section 15 was in any way involved or referred to.

In the *Hess* case cited by counsel for the defendant a husband and wife had been divorced. The mother was given custody of a minor child and $10 per week alimony was awarded to her. The wife afterwards re-married and the decree of divorce was so modified as to require her former husband to pay $5 per week for the support of the child. Medical services were rendered by plaintiff, a doctor, to the child and he brought suit against the former husband under section 15. It was held that there was no liability. The court there said (p. 421): "It has also been held that before a plaintiff may recover under the family expense statute, there must be a family in fact, and that the statute does not apply where the parents are divorced. *Schlesinger v. Kiefer,* 30 Ill. App. 253; *Rand v. Bogle,* 197 Ill. App. 476." So that in that case the court construed the *Rand* case as holding that before a recovery could be had under the family expense act, there must be a "family in fact" and not that a valid marriage was a condition precedent to a recovery under the statute.

Under the common law a husband was liable for necessaries furnished his wife, and this was so although the marriage was invalid. *Frank v. Carter,* 219 N. Y. 35, L. R. A. 1917 B 1288. In that case an action was brought to recover the purchase price of goods sold to defendant's alleged wife. The court said: "The only remaining question for our consideration is whether the liability of the defendant was affected by the fact that his purported marriage with the woman was void. I think that it was not. Inasmuch as he had gone through the form of a marriage with her and lived with her and held her out as his wife his status was no different for the purposes here involved than it would have been had the marriage been a legal one. (*Johnstone v. Allen,* 6 Abb. Pr. [N. S.] 306; *Munro v. DeChemant,* 4 Camb. 215; *Blades*

*v. Free,* 9 B. & C. 167; *Ryan v. Sams,* 12 Q. B. [A. &
E. N. S.] 460.)''

In the case of *Hoyle v. Warfield,* 28 Ill. App. 628,
it was held that where two persons were living to-
gether as husband and wife and were recognized and
treated as such, the reputed husband, by reason of the
provision of section 15, *supra,* was liable for family
supplies sold, although the credit was extended to the
reputed wife.   In that case groceries were sold to
the reputed wife and suit was brought against the hus-
band to recover for them.   The court said (p. 628–629):

''The parties were living together as husband and
wife and were recognized and treated as such in the
community where they lived; and as to all who fur-
nished them the necessaries of life which come under
the head of family expenses, under the belief that such
relation existed, when such belief is justified by the
conduct of the parties, as it clearly was in this case,
we think the provisions of Sec. 15 of Chap. 68, R. S.,
apply.   *   *   *

''Under the provisions of this section we think it
makes no difference to which of the parties the credit
is originally given; they are both liable.''   To the same
effect is *Warrington v. Anable,* 84 Ill. App. 593.   See
also 30 C. J. 594.

In the instant case the defendants went through a
marriage ceremony a few days before she was granted
a divorce and after the marriage ceremony was per-
formed, they lived together as husband and wife in
Chicago, during which time the goods in question were
sold.   In these circumstances, we think the defendant
R. C. Traster is liable under the statute as was held
in the *Hoyle* case.

Judgment of the municipal court of Chicago is af-
firmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.