(No. 23098

THE ROCK ISLAND BANK AND TRUST COMPANY, Appellee, *vs.* RALPH LAMONT, Appellant.

*Opinion filed October 24, 1935.*

PAUL W. TRENKENSCHUH, and BELL, FARRAR & SCOTT, (EARL L. SCOTT, of counsel,) for appellant.

HUBER & REIDY, (ALBERT HUBER, and ISADOR I. KATZ, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant seeks reversal of the judgment of the circuit court of Rock Island county awarding possession of certain real estate to appellee. Appellee acquired title to the property here involved by virtue of a sheriff's deed issued on execution and sale under a judgment against appellant in the sum of $2823.14, dated July 25, 1932. The property was sold on execution on August 12, 1932. Appellee's deed was issued November 14, 1933.

The issue in the case arises over appellant's claim of homestead exemption. No such exemption was set off to him at the time of the sale. Appellee's proof consisted of a stipulation of fact concerning the judgment, sale and deed. Appellant testified in his own behalf and offered the testimony of his sister, Emma L. Ruggles, in an endeavor to show that he had a homestead right in the property at the time of the judgment on which sale was had. That evidence is, in effect, as follows: Appellant is a bachelor and prior to the issuance of the deed to the appellee owned and resided on the premises here involved. In June, 1928, his sister, Emma L. Ruggles, and her hus-

band, came to live with him. The sister kept the house and prepared the meals. She and her husband had prior to that time conducted a rooming house at Colfax, Iowa, which, however, was lost to them through the foreclosure of a mortgage on the premises. She owns a farm in South Dakota and some land in Canada against which tax sales had been entered. She had two bonds, each of the face value of $1000, when she came to live with appellant. Some time subsequent to appellee's judgment these bonds were sold, one for $95 and one for $101. She testified that when she came to live with appellant she also had $150 in cash. Her husband was employed as a traveling salesman on a commission basis. In the years 1928 to 1932 he earned a total of $1000 over and above his traveling expenses. She testified that the taxes were back on her land; that she could not remember whether she received any rent from the land for the year 1930 or 1931; that her husband was not able to work in 1932 and died in September of that year, leaving no estate. Appellant paid the medical and funeral expenses. Appellant testified that he had since 1930 or 1931 supported his sister because her husband was unable to earn sufficient income to support her. It is on these facts that appellant contends here he has a homestead interest in the premises sold under the execution.

Section 1 of the Homestead act, (Smith's Stat. 1933, p. 1461,) in so far as material here, is as follows: "Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence." Three conditions must exist under this statute in order that a homestead estate be created: (1) The claimant must be a householder; (2) he must have a family; and (3) the premises must be occupied as a residence. If any of these requisites is wanting the law will

not create an estate of homestead. (*Holnback* v. *Wilson,* 159 Ill. 148; *Rock* v. *Haas,* 110 id. 528.) It is conceded that appellant was a householder and occupied the premises as a residence. The sole question for determination is whether he had a family as contemplated by the Homestead act. A family within the meaning of the Homestead act is not alone a collection of persons living together, but there must be an obligation, either legal or moral, upon someone who thus occupies the position of head of the house to support the others or some of them, and on the part of such others a corresponding state of dependence. (*Holnback* v. *Wilson, supra.*) A family, such as contemplated by the Homestead act, consists of the householder and members of a household who are dependent upon the householder for support or to whom the householder owes some duty of support. (*Brokaw* v. *Ogle,* 170 Ill. 115.) Where relatives live together because such an arrangement is more convenient or economical or for reasons of friendship or affection, such, alone, does not constitute them a family in legal contemplation but there must be also the element of dependence.

Appellee argues that as Emma Ruggles' husband was living with her he was the head of the family of which she was a part, and this being so, appellant could not be a householder having a family. We are of the opinion, however, that where a householder's sister and her husband are living with him under such circumstances as to show dependence upon him for support because the husband is unable to earn a livelihood, and both he and his wife are thus actually dependent upon the householder, they may constitute a family of the householder though generally the husband would be considered the head of the household in which he and his wife form a part. The test recognized by this court lies in the question whether the person claiming a homestead estate has residing with him some person or persons whom he is under some legal or moral obliga-

tion to support and where there exists a corresponding dependence. (*Wike Bros.* v. *Garner,* 179 Ill. 257; *Holnback* v. *Wilson, supra.*) The Homestead act does not require that the householder be the head of a family but that he shall have a family. (*McNichols* v. *McNichols,* 299 Ill. 362; *Zander* v. *Scott,* 165 id. 51.) The turning point in this case, therefore, resolves itself into a question whether the appellant's sister and her husband were, at the time of the entry of the judgment against appellant, actually dependent upon him for support.

The testimony given by appellant and his sister is, as we have seen, that after the latter part of 1930 the sister had no income whatever and after the spring of 1931 the husband was unemployed and had no property or income. The sister testified, however, that she could not recall whether she had income from the land in 1931 or 1932. She stated that she presumed the South Dakota and Canada land had been sold for taxes, and that the taxes on the farm land had not been paid for three or four years. These statements qualify and weaken her testimony tending to show that she was dependent upon appellant when the judgment was entered against him.

This cause was tried before the court without a jury. The finding was that appellant did not show that he had a family dependent upon him for support. The burden rested upon him to do so. This record does not afford justification for an opinion of this court, notwithstanding the findings of the trial court, that the sister living with appellant at the time the judgment was entered in this case was in fact dependent upon him for support, and in such condition of the record this court should not disturb the finding of the trial court. For these reasons the judgment of the circuit court of Rock Island county is affirmed.

*Judgment affirmed.*