## GEORGE B. WRIGHT et al.

### v.

## JOHN BISHOP.

1. INJUNCTION—*of incurring illegal debt by municipal corporation.* Every tax-payer has the right to enjoin the municipality in which he is liable to taxation, from incurring an illegal debt, or from issuing evidences of such debts.[*]

2. MUNICIPAL SUBSCRIPTIONS—*to corporations, prohibited.* There is no authority, under the present constitution, in counties, cities, towns or other municipalities, to make subscription for the capital stock of railroad companies, or to make donations to, or to lend their credit in aid of such corporations, unless the same was authorized by vote prior to the second day of July, 1870, and the burden rests on those claiming the right to issue bonds for such purposes, or asserting the validity of bonds issued for such purposes, since the adoption of the present constitution, to show affirmatively that they were authorized by a vote under then existing laws prior to the adoption of the constitution.

3. The prohibition in the present constitution, against municipal subscriptions to the stock of corporations, or donations in aid of railroad companies, and other private corporations, took effect on July 2, 1870, and all such subscriptions or donations, not authorized by a vote of the municipality, prior to that time, are void.

4. ERROR—*as to other parties.* A party can not complain of a decree against a corporation not in existence, where it does not appear he is prejudiced by it, nor can such party complain that costs were improperly decreed against a town, made a defendant with him.

APPEAL from the Circuit Court of McLean county.

This was a bill filed by John Bishop, as a tax-payer in the town of Clintonia, against George B. Wright, receiver of the Indianapolis, Bloomington and Western Railway Company, the Indianapolis, Bloomington and Western Railway Company, the Havana, Mason City, Lincoln and Eastern Railway Company, the town of Clintonia and its supervisor and clerk, to enjoin the issue of $25,000 in bonds voted in 1870, by the town of Clintonia, to the Havana, Mason City, Lincoln and Eastern Railway Company.

[*] See, also, *City of Springfield* v. *Edwards*, 84 Ill. 626.

The bill shows various subscriptions and votes for subscriptions to the several railway companies. It seems the Havana, Mason City, Lincoln and Eastern Railway Company had sold out its franchise, property, etc., to the Indianapolis, Bloomington and Western Railway Company. The court below granted the relief prayed for.

Mr. R. G. INGERSOLL, and Mr. W. S. BUSH, for the appellants.

Messrs. MOORE & WARNER, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

As we understand this record, the principal questions have been decided by us in previous cases, adversely to the positions contended for by counsel for appellants.

1st. That a tax-payer of a municipality is entitled to injunction to prevent the incurring, or issuing evidences, of an illegal debt, by the municipality, is not an open question with us. *Colton* v. *Hanchett et al.* 13 Ill. 615; *Perry* v. *Kinnear*, 42 id. 160; *Beauchamp* v. *Board of Supervisors*, 45 id. 274; *Drake* v. *Phillips*, 40 id. 392; *Sherlock* v. *Village of Winnetka*, 59 id. 389; *Chestnutwood et al.* v. *Hood et al.* 68 id. 132.

The case is not, as counsel assume, like the case of one individual seeking to restrain the collection of a tax upon the property of another. Every tax-payer has the right to enjoin the municipality from incurring an illegal debt, because, otherwise, it would become a burden upon his property, and the fact that it would also become a burden upon the property of others, affords no reason why he should be without remedy.

2d. There is no authority, under the present constitution, in counties, cities, towns, or other municipalities, to make subscriptions for the capital stock of railroad companies, or to make donations to, or lend their credit in aid of, such corporations; and the burden rests upon those claiming the right to issue bonds for such purposes, or asserting the validity

of bonds issued for such purposes, since the adoption of the present constitution, to show affirmatively that they were authorized by a vote of the municipality, under existing laws, prior to the adoption of the constitution. *Jackson County* v. *Brush,* 77 Ill. 59; *Middleport* v. *Ætna Life Insurance Co.* 82 id. 562.

The only vote claimed to authorize the issue of the bonds here in controversy was given at an election held on the 2d day of August, 1870. This, we have held, was too late. The clause in the constitution, containing the prohibition against municipal subscriptions or donations in aid of railroad companies and other private corporations, took effect on the 2d day of July, 1870; and all such subscriptions or donations, not authorized by a vote of the municipality, prior to that time, are void. *Schall et al.* v. *Bowman et al.* 62 Ill. 321; *Richards et al.* v. *Donagho,* 66 id. 73.

Appellants make a very able and interesting argument against the ruling in those cases, but we are not convinced that they should be overruled.

The objection that a decree was rendered against a corporation not in existence, is one of which appellants can not avail, since it does not appear they are, in anywise, prejudiced by it.

Even if the injunction was improvidently issued, we do not see that this should give appellants any ground to ask a reversal of the decree. They are not entitled to have the subscription made or the bonds issued, and can not, therefore, be injured by having these things so decreed. No costs were decreed against them, and whether costs were improperly decreed against the town, which does not appeal, does not concern them.

That there was, however, some necessity for the protection afforded by the decree, would seem to be evident from the persistent claim made by appellants that the subscription should be made and the bonds issued.

The decree is affirmed.

*Decree affirmed.*