GRANT NEWELL, ADMINISTRATOR,

v.

CATHERINE MONTGOMERY ET AL.

*Administration—Trusts—Error without Prejudice.*

1.   Upon petition to sell real estate on account of a deficiency of personal estate to pay debts, the Probate Court, having equity powers, will recognize a trust existing in favor of a third person.

2.   The appellant can not assign as error, action that does not prejudice his rights.

[Opinion filed January 16, 1889.]

APPEAL from the Probate Court of Cook County; the Hon. JOSHUA C. KNICKERBOCKER, Judge, presiding.

Newell v. Montgomery.

Mr. LYNDEN EVANS, for appellant.

"The clear result," says Lord Chief Baron Eyre, "of all the cases, without a single exception, is that the trust of a legal estate, whether freehold, copyhold or leasehold; whether taken in the names of the purchaser and others jointly, or in the names of others without that of the purchaser; whether in one name or several; whether jointly or successively, results to the man who advances the purchase money." Dyer v. Dyer, 2 Cox, at 93.

No evidence was offered to show that the heirs of Robert M. Montgomery advanced the purchase money. This of itself is fatal to the trust theory of defendants, and is urged as a ground for reversal. In support of this I might cite cases without number, but prefer to rely on the principle as laid down by Baron Eyre, and as followed by Lord Eldon in Murless v. Franklin, 1 Sw. 17, 18, and by Lord Hardwicke, Willis v. Willis, 2 Atk. 71, and 2 Lomax Digest, 200. As established in this country, the doctrine is laid down in Perry on Trusts, Sec. 126, and by our Illinois Supreme Court, in Merwitz v. Floring, 2 N. E. Rep. 530.

That case was a bill to establish a trust in real property, and the court says, "unless complainant's money was used in making the payment for the land, of course no resulting trust could arise." The principle is also laid down in McDonald v. Stow, 109 Ill. 40, and in Coates v. Woodworth, 13 Ill. 634, and if this is the law, there being no word in the whole record to show that the heirs of Robert M. Montgomery paid the purchase price of the lot in question, the alleged trust has not been established according to law, and the finding of the Probate Court must be erroneous.

To raise a trust, money must be paid by *cestui que trust* as purchaser. If transaction can be called a loan, no trust will arise.

If defendants' witness Moloney is to be believed, Father Terry in part used his own funds and in part borrowed to make up the sum needed, and no trust will result unless the person advance the purchase money *as a purchaser.* See Perry on Trusts, Vol. 1, Sec. 143. This question was consid-

ered at length and the same principle laid down by Sir William Grant in Aveling v. Knife, 19 Ves., at 144.

In Bartlett v. Pickersgill, 1 Eden, 516, decided in 1760 by Lord Keeper Henley, where it was sought to establish a trust made by agreement (and though in that case the party sought to be charged with a trust had been indicted for perjury for denying the trust), still the lord keeper held absolute payment of the purchase money as purchaser was necessary to take the case out of the statute of frauds. If the nominal purchaser is an agent of the *cestui que trust* this rule is inflexible. An agent may be indicted and convicted of perjury in denying his character as an agent in an answer under oath, yet the court can not decree and establish the trust. Perry on Trusts, Sec. 135.

Nor can parol evidence be admitted to prove a trust in a person who purchased in his own name, though as an agent of the real purchaser, where no part of the consideration was paid by such employer, for though an agent is a trustee in equity, yet the trust is one arising *ex contractu* and not by operation of law. Where an agent is directed to purchase by his principal, and does so with his (the agent's) money, a court of equity has no power to decree a trust, and in this case, if Terry purchased at direction of the Montgomerys, still he paid part of his own money and borrowed part, and no trust can be declared. Lewin on Trusts, etc., Sec. 204; Rostel v. Hutchinson, 1 Dick, 44; Lomas v. Bayly, 2 Vern. 627.

It was held in Gibson v. Foote, 40 Miss., at page 791, that no presumption would be indulged that money was paid by *cestui que trust* as purchaser; it must be shown by positive averments to have been advanced as purchase money.

Such acts of parties at the time of sale have not been shown upon which a trust can result.

There is no evidence as to any of the acts of the defendants at the time of the sale to Terry. Appellee's testimony alleges expectations before the sale and promises by Terry afterward. "A trust must result, if at all, the instant the deed is taken. No oral agreements and no payments before or after the title is taken will create a resulting trust unless the transaction is

such that the moment the title passes a trust will result from the transaction itself." Perry on Trusts, 133.

"A resulting trust is never created by agreement, but always by implication of law, from such acts, independent of agreement of the parties; but a trust created by verbal agreement, being like any other verbal agreement for the sale of lands, is prohibited by the statute of frauds, and will not be enforced in equity." See Holmes v. Holmes, 44 Ill. 68; also Sheldon v. Harding, 44 Ill. 168, where the doctrine is discussed at length.

A trust must be coeval with the deed. Whiting v. Gould, 2 Wis. 552.

Declarations or agreements before the sale will not raise a trust.

Appellee's witness states that Terry and the Montgomery heirs had an agreement to purchase these lands; that Terry was to "save part of them for the children;" but the rule of law is that parol evidence is inadmissible to show a contract for a trust. Hovey v. Holcomb, 11 Ill. 660; Perry v. McHenry, 13 Ill. 237.

Declarations made after the sale will not raise a trust.

It is next alleged by defendant's witness that Terry frequently declared after the sale that the premises in question were the property of the Montgomerys. If this were true a trust would not result therefrom.

"No arrangement subsequent to the purchase, nor parot declaration at the time of the purchase, will raise a trust." Perry v. McHenry, 13 Ill. 238.

"No subsequent conduct, payment or intervention will raise a resulting trust." Pomeroy's Equity, Sec. 1037.

The evidence must be of great clearness and certainty to prove a trust.

"Two witnesses, or one with corroborating circumstances," are required to control an answer under oath. Proof of mere admissions by one that he purchased for another, without proofs of some previous arrangement or advance of money by such, is insufficient to create a resulting trust." Perry on Trusts, Vol. 1, Sec. 137.

In order to create a trust, the facts in all cases must be proved with great clearness and certainty. Clark v. Quackenboss, 27 Ill. 260; Slocum v. Marshall, 2 Wash. C. C. 397.

Mr. W. H. STEAD, for appellee.

The court will perceive that here is where an administrator makes application to sell estate to pay debts. Under our statute every person having any interest in the land about to be sold must be made a party to the suit. And the practice in such cases is to be the same as in chancery. Chap. 3, Secs. 99–101 inclusive.

A petition stating facts sufficient to bring the pleader within the statute must be filed. Interested parties are brought into court. They have a right to answer and show why such property ought not be sold; otherwise it were the veriest farce to provide for their being made parties to the proceedings.

If this is so, and the answer filed herein discloses the fact that Father Terry had no interest in the premises sought to be sold, or that the defense interposed was obnoxious to the statute of frauds, it was the imperative duty of the appellant to interpose said statute in the court below. That no such thing was done is conclusive. And it is equally conclusive that such statute can not be interposed for the first time in an appellate tribunal. Boston v. Nichols, 47 Ill. 353.

In such cases the defendant must set up the statute in his plea or answer if he desires to avail of it as a defense. If the matter is first introduced in answer, the complainant may set up the statute by amending his bill or petition. Tarleton v. Vietes, 1 Gilm. 470.

Nothing of the kind has been done in this case. The bar of the statute for the first time is attempted to be interposed in the argument in this court. It can not be done. Even a contract arising out of the imaginary condition of affairs, contended for by appellant, would be only voidable and would be enforced like any valid contract unless the statute of frauds is interposed. Collins v. Thayer, 74 Ill. 138; Wheeler v. Frankenthal, 78 Ill. 124; McCoy v. Williams, 1 Gilm. 584.

Newell v. Montgomery.

GARY, J. This is an appeal from a decree of the Probate Court dismissing the petition of the appellant praying leave to sell a certain lot in the city of Ottawa on account of the deficiency of personal estate to pay the debts of Patrick Terry, deceased, of whose estate the appellant is administrator.

The deceased was a priest of the Roman Catholic Church, for many years pastor of a church in Ottawa, but died a resident of Chicago. The lot was once the property of one Robert Montgomery and was sold under a decree of the Circuit Court of La Salle county after his death, and, by friendly arrangement between the widow and Terry, was bought in by him.

He had been fully reimbursed, and held the title only for her and her children; was always ready to convey to her, or as she might direct, but the business was neglected and he died holding the title in trust, with nothing in writing as evidence of the trust, nor any circumstances from which the law could raise a resulting trust.

Under the amendment of the administration act, approved June 15, 1887, the Probate Court has equity powers in cases of this class, and the practice is required to be as in cases in chancery. When the answer of Mrs. Montgomery came in, asserting the trust, there was no amendment of the petition setting up the statute of frauds in opposition to the trust. But if there had been, the court would not have been justified, in the exercise of its equitable powers, in enforcing a naked legal right against conscience. Browne, Statute of Frauds, Sec. 129.

Whether there is any error in any other part of the decree than that dismissing the petition is a matter which does not concern the appellant. He can not assign as error, action that does not prejudice him. Wright v. Bishop, 88 Ill. 302.

*Decree affirmed.*