Leopold Schlesinger and David Mayer

v.

James B. Keifer, Impleaded, etc.

*Husband and Wife—Family Expenses—Sec. 15, Chap. 68, R. S.—Practice—Error without Prejudice—Costs.*

1. The liability of husband and wife for family expenses, under Sec. 15, Chap. 68, R. S., depends upon whether they live together and constitute a family in fact.

2. Where it is sought to charge the defendants under the statute, recovery can not be had on any other ground.

3. The appellant can not complain of an error which has worked him no injury.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Kraus, Mayer & Stein, for appellants.

At common law the husband was liable for necessaries furnished his wife, even though she were living apart from him, if without her fault.

The evidence clearly shows that the merchandise, for the value of which this suit was brought, was such as Mrs. Keifer had been provided with by her husband during their entire married life. Considering her condition and his degree and circumstances in life, they were necessaries and suitable to her, and he was clearly liable therefor. Rea v. Durkee, 25 Ill. 414.

In this State the husband is liable for the "expenses of the family," independent of their being "necessaries."

In 1874 our Legislature passed the following law (Sec. 15, Chap. 68, R. S.): "The expenses of the family and the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

It is under this statute that appellants particularly claim the right to hold Mr. Keifer liable for the merchandise herein sued for. In order to correctly construe the statute, it is proper to examine its source. It is taken *verbatim* from the laws of Iowa, § 2214 R. Code, 1882, which reads as follows:

" The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately."

The statute makes no distinction between the wife's and the husband's liability. They are each liable and " they may be sued jointly or separately." " The statute was enacted for the benefit of the husband *or* wife and the person from whom the things constituting the family expenses were obtained, to the end that credit could be obtained and extended for something essential, necessary or convenient, or so deemed by the husband *or* wife, to be used in or by the family." Davis v. Ritchey, 55 Iowa, 719.

His liability and that of the wife are identical; they are " precisely commensurate." Hayden v. Rogers, 22 Ill. App. 557.

The condition of Mrs. Keifer's wardrobe at the time of the purchases sued for, or at any other time, was wholly immaterial; the language of our statute is general, and the liability of the husband or wife is not limited to necessary expenses. The statute applies to the expenses of the family, " without limitation or qualification as to the kind or amount." Von Platen v. Krueger, 11 Ill. App. 629; Smedley v. Felt, 41 Iowa, 588; Fitzgerald v. McCarty, 55 Iowa, 702.

And it is not even necessary that the articles purchased should have been " suitable and proper for the family, considering their condition." Von Platen v. Krueger, 11 Ill. App. 629.

It was error also for the court below to admit evidence of James B. Keifer's financial standing and circumstances. Whatever they may have been, under the authorities already cited, " his liability did not depend upon his wealth, habits or social position." Hudson v. King, 23 Ill. App. 118; Smedley v. Felt, 41 Iowa, 588; Von Platen v. Krueger, 11 Ill. App. 629.

Mr. G. W. STANFORD, for appellee.

Is the liability of the husband to provide for his family en'arged by Sec. 15, Chap. 68? It is under this statute counsel for appellants "particularly" claim the right to hold the husband liable for the goods in question. It was not important that this statute should be passed to make the husband liable for necessaries furnished the wife or infant members of his family. That liability was established before on common law principles, and the statute can not avail the appellant anything in this case unless it be now construed to make the husband liable for any amount or quantity of dry goods the wife might purchase on his credit for her use or adornment. If the rule is once extended so as to render him liable beyond his common law obligations, then I see no limit to the liability, provided she uses the articles in any manner. They may not be suitable to her condition or necessities, may minister only to her vanity, and may lead to certain bankruptcy of the husband. The statute may receive a reasonable construction and application and yet not make it possible to inflict such wrong upon the husband.

The language of the statute is not broad enough for the purposes of appellants. I quote: "The expenses of the family and the education of the children shall be chargeable upon the property of both husband and wife, or either of them," etc. The proper family expenses were always a charge upon the husband and his property, but before this statute they were not a charge upon the wife or her property, unless she, in each instance, made herself liable. We think the main purpose of the statute was to subject the wife's property also to the payment of family expenses, education of the children, etc., and that in legal effect the statute would have been just as effective as now if the language used had been: "The family expenses, etc., shall be chargeable upon the property of the wife, etc., in favor of creditors." Assuming that this language would not have relieved the husband from his common law liability, and we have a statute which would fix the rights of creditors just where we think the present statute fixes it.

This view is borne out by the authorities cited by counsel. In every case cited by them the effort was to make the wife liable for expenses which were denominated family expenses.

The views above are laid down by this court in Hayden v. Rogers, 22 Ill. App. 557, in which the judge says: "Independently of the statutes, the husband is personally liable for indebtedness incurred for family expense, and the statutes, by providing that the wife may be sued jointly, etc., necessarily imposes upon her a liability precisely commensurate with his."

The language used in Hudson v. King Bros., 23 Ill. App. 118, is not inconsistent with this view. The court say: "The husband is the head of the family; he determines primarily what is needed for it; he buys, furnishes, contracts debts, all in his own name, for the support and welfare of the family; her name need not be known, and his acts, agreements and promises are alike obligatory upon both." This is not equivalent to saying that the wife, without the knowledge or consent of the husband, may contract and determine what shall be the family expenditure.

I take it, the question of what is family expense being a question of fact to be determined by the evidence, depending in this case upon the other facts as to whether or not the parties were living together as husband and wife, and were the goods bought for family use, etc., that the court will presume that the court below found these facts against plaintiffs. See Compton v. Bates, 10 Ill. App. 85. Using the language employed in this case : "It is quite evident that these goods were not bought by the wife to be used in the family, neither were they used by the family, and were therefore in no respect expenses of the family." "She bought them in contemplation of a separation from her family, for her own use after she ceased to be a member of the family." "In our opinion the statute, so far as the husband is concerned, is but declaratory of the common law, neither enlarging or diminishing his liability."

In the case just quoted from, the husband and wife had agreed upon a separation. The case in all particulars is essentially like the one at bar, and while it antedates the case of

Schlesinger & Mayer v. Keifer.

Von Platen v. Krueger, 11 Ill. App. 627, yet is not in conflict with it upon the question presented by this record.

GARY, J.   This was an action under Sec. 15, Ch. 68, R. S. 1874, by appellants against appellees as husband and wife, charging them with ladies' and children's apparel, sold by appellants to her, as family expenses.

In this action against them jointly, no other ground of recovery can be relied upon.   It would seem to be a condition precedent to any family expenses that there should be a family; a family in fact, without regard to what knowledge the persons selling the goods had of the fact.   If they sold, as they supposed, to a bachelor or a spinster, and it turned out that there was a wife or a husband, who with the purchaser constituted a family, probably both could be held, and *vice versa*.   In this case it appeared that the appellees had ceased to live together for some months before the purchase, though the appellants had no notice of such separation.   Neither had the husband any notice that the wife was buying goods.

In Hudson v. King, 23 Ill. App. 118, the Appellate Court of the Second District regarded it as essential to the liability of the wife that she and her husband constituted a family in fact.   See also Compton v. Bates, 10 Ill. App. 78, 85.

The Superior Court rightly decided that the appellees were not liable under the statute for family expenses where there was no family.   She was not served with process, and did not appear in the action, yet judgment against the appellants for costs was entered in favor of both appellees.   This is an immaterial error.   The costs are not increased, and it makes no difference to appellants whether they are adjudged to one or both the appellees.   O'Brien v. People, 41 Ill. 456; Wright v. Bishop, 88 Ill. 302; Worden v. Crist, 106 Ill. 326.

The principle is, that a party can not assign for error what does him no harm, and that applies in this case also to the questions raised upon other issues than the existence of a family.

*Judgment affirmed.*