Lynn v. Lynn.

---

## NELLIE LYNN ET AL.
### v.
## ELLEN LYNN, ADM'X ET AL.

*Administration—Debts—Sale—Will—Deed—Misdescription—Reformation—Consideration.*

1. A deed, the consideration of which was not valuable, can not be reformed, no matter how meritorious the consideration or motive for making it may have been.

2. In the case of powers, equity will not aid an imperfect execution for the benefit of grandchildren.

3. Upon an appeal, in administration proceedings, from a decree of sale

of real estate for the payment of debts, the fact being that the will, under which the same was derived by deceased, was followed by a deed by the maker thereof, attempting to convey the property in question in trust for a person since deceased, and surviving grandchildren, said property having been misdescribed therein, this court holds that said deed can not be reformed, that the will in question vested a good title in the beneficiary named therein, and declines to interfere with such decree.

[Opinion filed June 14, 1889.]

APPEAL from the Probate Court of Cook County; the Hon. J. C. KNICKERBOCKER, Judge, presiding.

Messrs. JOHN N. JEMISON, and B. M. SAUNDERS, for appellants.

Mr. B. W. ELLIS, for appellee.

GARY, J.   This is an appeal from the decree of the Probate Court directing the sale of real estate to pay the debts against the estate of George Lynn, deceased, of which the appellee is administratrix.

William Lynn Sr., the ancestor of most of the parties to this proceeding, died about November 15, 1874.   In his lifetime he owned the premises in controversy.   He left a will devising them to George Lynn.   That will was wrongfully destroyed after the death of William Lynn Sr., but in a chancery suit in the Circuit Court of Cook County, to which all his heirs as well as his widow were parties, the will was established by a decree entered June 18, 1878.   June 5, 1873, by a deed under which the present controversy arises, William Lynn Sr., and his wife, conveyed to one of the appellees what were intended to be these premises, but by mistake inserted ten instead of sixteen as the number of the section, and there is on the face of the deed no other description by which the consequences of that mistake can be avoided.   This conveyance was in trust for the support of a daughter, since dead, without issue, and after her death for the benefit of the children of certain children of William Lynn Sr., who should be living when the daughter died.

The deed named as the consideration $3,000, but in fact there was no valuable and no other still continuing consideration, than such as may be implied by law from the relation of grandfather and grandchild.   The will was executed before the deed, and the deed was intended to supersede the will as to these premises.   The only question before this court is, whether that deed may be reformed upon abundant extrinsic evidence, so that these premises shall pass by it.

The great current of authority is, that a deed, not for a valuable consideration, can not be reformed, however meritorious the consideration or motive for making it may be.   Froman v. Froman, 13 Ind. 317; Powell v. Morisey, 98 N. C. 426; Hunt v. Frazier, 6 Jones' Eq. 90; Brown v. Kennedy, 33 Beav. 133. Even in the case of powers, which are *quasi* trusts, a court of equity will not aid an imperfect execution for the benefit of grandchildren—only for a wife or legitimate child.   Tollet v. Tollet, and notes, 1 L. C. in Eq. 365.   It follows that the devise to George Lynn vested in him the equitable as well as legal title to these premises, and the Probate Court properly directed them to be sold for the payment of debts against his estate.   Had there been any equity in favor of the appellants, for which his title should have been divested, that court had jurisdiction to inquire into it and refuse a sale.   Sec. 101, Chap. 3, R. S., as amended by act of June 15, 1887.   Newell v. Montgomery, 30 Ill. App. 48.

The decree must be affirmed.

*Decree affirmed.*