### John H. Curtis et al.
### v.
### Frank Hulburd.

*Real Estate Contract—Bill for Cancellation of and Return of Earnest Money.*

1.   If a person adopts a certain contract as to a given payment, thereby ratifying that act as the act of an agent for him, he must stand upon the same footing as if such act was that of an agent acting under previous authority.

2.   Although a person being sued upon a given contract entered into by one alleged to be his agent can set up the statute of frauds as a complete defense, unless upon the merits as to fraud or deceit he is in good conscience discharged from the contract, he can not have affirmative relief.

[Opinion filed November 17, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Mr. E. L. Rinehart, for appellants.

Messrs. Comstock & Hess, for appellee.

Mr. Justice Gary.   On the 23d day of March, 1891, the appellants and one Horace A. Hulburd, who professed to act

for the appellee, made a written contract for the sale by the appellants to the appellee of some land, which contract Horace signed "Frank Hulburd, by H. A. Hulburd, his agent," without written authority, and paid $200 as earnest money, by his own check.

The appellee by his bill repudiates the authority of Horace, makes some vague allegations of deception as to the location of the land, says he gave the money to Horace to pay upon a purchase of land at the location where he believed the land to lie, and asks to have the money returned and the contract canceled.

The answer of the appellants admits that they received the money from the appellee, but denies all deception, and there is no preponderance of evidence that there was any deception.

The appellee relies upon the statute of frauds to sustain the decree in his favor, canceling the contract and awarding a return of the money. The statute of frauds is not a sword but a shield.

If the appellee was sued upon the contract, at law or in equity, the statute would be a complete defense; but unless upon the merits as to fraud or deceit, he is in good conscience discharged from the contract, he can not have affirmative relief. Newell v. Montgomery, 30 Ill. App. 48; Swanzey v. Moore, 22 Ill. 63.

If he adopts the contract as to the payment of the $200, thereby ratifying that act as the act of an agent for him, he must stand upon the same footing as if such act was that of an agent acting under previous authority. Union Mut. Life Ins. Co. v. Kirchoff, 133 Ill. 368; Nat. Bank v. Baker, 27 Ill. App. 356.

We do not comment on the evidence as to deceit. When again tried the case may be different from what it is now. The decree is reversed and the case remanded.

*Reversed and remanded.*