2.  INSURANCE, § 17*—*who may sue for penalty.*    The Act of 1891, sec. 3 (J. & A. ¶ 6493), relating to penalties for violation of the prohibition of the act against discrimination between insurance companies as to rates, etc., providing that such penalty shall "be sued for and recovered in the name of the People of the State of Illinois, by the State's Attorney," is explicit in its terms and excludes every other method of procedure to recover such penalty.

## N. C. Meling, Defendant in Error, v. Mary J. Lamb, Plaintiff in Error.

### Gen. No. 21,477.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed November 14, 1916. Rehearing denied November 24, 1916.

### Statement of the Case.

Action by N. C. Meling, plaintiff, against Mary J. Lamb, defendant, in the Municipal Court of Chicago, to recover for a surgical operation performed by plaintiff, a surgeon, on the minor son of defendant, a divorced woman. To reverse a judgment for plaintiff for one hundred dollars, defendant prosecutes a writ of error.

It appeared that the decree of divorce between defendant and her husband gave the custody of the son to the husband, and that at the time of the operation the son did not live with defendant, and was not subject to her control.

LEON A. BEREZNIAK, for plaintiff in error.

CAMERON & MATSON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice McGoorty delivered the opinion of the court.

### Abstract of the Decision.

Parent and child, § 14*—*when divorced mother not liable for surgical operation on child.* Where a decree of divorce awards the custody of a minor son to the father, the divorced wife is not liable for the expense of a surgical operation performed on the son, in the absence of an express promise, or of facts or circumstances from which an implied promise can be inferred.

---

### Alex Friend, trading as Alex Friend & Company, Defendant in Error, v. Henry Melvin Mahin and Ella Louise Mahin, Plaintiffs in Error.

### Gen. No. 21,550.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John C. Work, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed with finding of facts. Opinion filed November 14, 1916.

### Statement of the Case.

Action by Alex Friend, trading as Alex Friend & Company, plaintiff, against Henry Melvin Mahin and Ella Louise Mahin, defendants, in the Municipal Court of Chicago, to recover a broker's commission. To reverse a judgment for plaintiff for two hundred and twenty dollars and costs, defendants prosecute this writ of error.

Plaintiff procured one Tibbles to contract with defendants for the purchase of defendants' real estate, the contract agreeing to furnish a complete merchantable abstract of title, and to convey a good and mer-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.