to question the ruling of the trial court that an affidavit of merits be stricken from the files is waived by the filing of an amended affidavit of merits.

2. APPEAL AND ERROR, § 801*—*what must be preserved in bill of exceptions.* The ruling of a trial court striking an amended affidavit of merits from the files cannot be reviewed unless the pleading and the ruling are preserved in a bill of exceptions.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*non-necessity of formal written pleadings in action of fourth class.* No formal written pleadings are required in an action of the fourth class in the Municipal Court of Chicago.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is sufficient in action of fourth class.* A statement of claim, in an action of the fourth class in the Municipal Court of Chicago, though technically defective, which advises the defendant of the plaintiff's demand, as required by the Municipal Court Act, sec. 40 (J. & A. ¶ 3352), is sufficient when questioned for the first time in a court of review.

---

# D. A. K. Steele, Appellee, v. Thomas E. Leyhan, Appellant.

## Gen. No. 23,361.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed April 3, 1918.

### Statement of the Case.

Action by D. A. K. Steele, plaintiff, against Thomas E. Leyhan, defendant, to recover for medical services furnished by plaintiff to defendant's wife. After the case was started, Mrs. Leyhan was added as a party defendant. From a judgment for $273 against both defendants, Thomas E. Leyhan alone appeals.

SHORT, DAVIS & RUST, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Steele v. Leyhan, 210 Ill. App. 201.

SALTIEL & ROSSEN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 17*—*when person giving credit to wife has burden of showing liability of husband.* Where husband and wife are living separate and apart, it devolves upon a physician giving credit to the wife for medical services to show that the wife was not at fault, or that the husband authorized or assented to the performance of the services.

2. HUSBAND AND WIFE, § 18*—*when evidence shows knowledge by physician that wife is living apart from her husband.* In an action by a physician for medical services furnished to the wife of defendant while she was living apart from her husband, where it appeared that plaintiff was called in to treat the wife by her mother and sister and that defendant was not consulted about a major operation, evidence *held* sufficient to show knowledge on the part of plaintiff that the wife was living apart from her husband.

3. HUSBAND AND WIFE—*what is effect of order for alimony pendente lite upon liability of husband for medical services.* Where a husband and wife are living separate and apart, and there are separate maintenance proceedings pending in which there is an order for alimony *pendente lite*, and the husband is not in default on that order, he is not liable for medical services subsequently furnished during the pendency of the suit, and it is immaterial that the physician knows nothing about the litigation, since he is put on inquiry.

4. HUSBAND AND WIFE, § 265*—*who may not collaterally attack order as to alimony pendente lite in separate maintenance suit.* The exercise by the trial court, in a separate maintenance suit, of its discretion in the awarding of alimony *pendente lite* cannot be collaterally drawn into question, especially by a stranger to the controversy, a physician, who contends in an action against the husband for medical services, that the amount of alimony was so small that it was not intended to cover heavy medical expenses such as were incurred by the wife subsequent to the rendition of the order, since, if the wife is satisfied, no one else has the right to complain.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.