**Catherine F. Ryan, Appellee, v. George K. Shoenberger, Appellant.**

**Gen. No. 26,463.**

1. VENDOR AND PURCHASER—*when purchaser not entitled to recover part payment made.* One who advances money in part payment under a parol contract for the purchase of land cannot recover it until he has offered to fulfill on his part and the other party has repudiated the contract.

2. FRAUDS, STATUTE OF—*inapplicability of rule that contract with-*

*in statute cannot be made ground of demand or defense.* On appeal from a judgment which, in effect, cancels an oral contract for the sale of land and awards a return of the money paid thereunder to appellee, the rule that a contract within the statute of frauds cannot be enforced either directly or indirectly and cannot be made the ground of either a demand or a defense, is inapplicable.

3. USE AND OCCUPATION—*when vendor of real estate entitled to compensation.* In a suit by the purchaser of real estate under an oral agreement to recover the amount paid as earnest money, where such purchaser obtained possession under such agreement and retained possession although he refused to comply with the agreement, *held* that the owner was, under the third paragraph of section 1, ch. 80, Rev. St. (Cahill's Ill. St. ch. 80, ¶ 1), entitled to a fair and reasonable compensation for the use and occupation of the premises.

Appeal from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed February 14, 1922.

G. A. BURESH, for appellant.

THOMAS F. RYAN, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

The amended statement of claim alleged, in substance, that May 28, 1919, plaintiff paid defendant $115 as a first payment on the purchase price of certain real estate owned by defendant, negotiations for the purchase of which were then pending between the parties; that these negotiations were terminated because of the inability of the parties to agree upon the terms of the proposed sale and that plaintiff had demanded from defendant the return of the money which had been refused. The defendant's amended affidavit of merits alleged that on May 28, 1919, the parties were negotiating regarding the sale by defendant to plaintiff of the real estate mentioned and it was agreed that the parties should execute a written contract shortly thereafter embodying the terms of the

sale, all of which had been settled by the negotiations between the parties; that plaintiff thereupon paid to defendant the sum of $115 as earnest money to be applied upon the purchase and defendant then delivered to plaintiff the keys to the house in question; that thereupon plaintiff entered into possession of the premises and has since occupied them continuously. The affidavit further alleged that defendant is ready, willing and able to execute the contract agreed upon but that plaintiff has refused to execute said contract and has refused to deliver possession of the premises to defendant. Defendant by his affidavit further denied that the negotiations were terminated because the parties could not agree upon the terms of the sale, but alleged that plaintiff, although often requested, had failed and refused to execute the agreement and the purchase money notes contemplated thereby. The affidavit also alleged that defendant incurred expenses in connection with negotiations amounting to $50 for attorneys' fees and for the services of a real estate agent in finding the purchaser; that defendant has been deprived of the use of the house and premises since May 28, 1919, by reason of the occupancy thereof by plaintiff and that the fair, reasonable and proper charge for the use and possession of said premises is the sum of $50 per month. Defendant demanded that the foregoing amount be recouped and set off against the said sum of $115 so paid by plaintiff as aforesaid and that defendant be given a judgment against plaintiff in the sum of $600. By his affidavit defendant did not waive the question of the sufficiency of the statement of claim and reserved the right to raise the question of the sufficiency thereof.

July 17, 1920, this affidavit of merits was stricken from the files and judgment for $115 and costs was entered against defendant for want of an affidavit of merits. Appellant claims that the court erred in striking the affidavit of merits and that plaintiff was not

entitled to recover the money paid under a parol agreement for the purchase of land because the contract was not repudiated by the vendor and plaintiff was not ready and willing to perform the contract as agreed upon; also that plaintiff is liable to defendant for the use and occupation of the premises because of her repudiation of the agreement under which she took possession.

We find that both of these contentions are fully sustained by the authorities. It was settled by an early decision of the Supreme Court that one who advances money in part payment of a parol contract for the purchase of land cannot recover it back, until he has offered to fulfill on his part and the other party has repudiated the contract. *Crabtree v. Welles,* 19 Ill. 55. This rule has been followed in a number of cases. *Brockhausen v. Bowes,* 50 Ill. App. 98; *Booker v. Wolf,* 195 Ill. 365. In the case last cited, it was quoted with approval from *Hawley v. Moody,* 24 Vt. 603, that "the party repudiating must be content to lose what he has done under it."

Appellee contends that the agreement in question was in violation of the statute of frauds and relies upon the case of *McGinnis v. Fernandes,* 126 Ill. 228, which holds, in substance, that a verbal contract within the condemnation of the statute of frauds cannot be enforced in any way, either directly or indirectly, and cannot be made either the ground of a demand or the ground of a defense. Admitting this to be a correct statement of the law, it is clearly inapplicable to the case at bar for the reason that defendant is not making the statute of frauds either the ground of a demand or a defense. Appellee relies upon the statute of frauds to sustain the judgment in his favor, which in effect cancels the contract and awards a return of the money. As said by Mr. Justice Gary in *Curtis v. Hulburd,* 46 Ill. App. 419: "The statute of frauds is not a sword but a shield."

The third paragraph of section 1, ch. 80, Rev. St. (Cahill's Ill. St. ch. 80, ¶ 1), is applicable to the case at bar. Possession was obtained under an oral agreement for the purchase of the premises and the right to the possession was terminated by a noncompliance with the agreement. Under these circumstances the owner was entitled to a fair and reasonable compensation for the use and occupation of the real estate. Where the land of one is in possession of another, there is an implied obligation to pay therefor. *Claussen v. Claussen*, 279 Ill. 99.

We are of the opinion that the court erred in striking defendant's affidavit of merits from the files. The case should have been heard upon its merits.

The judgment of the municipal court is reversed and the case remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.