## Julius H. Hess, Appellee, v. Sam Slutsky, Appellant.

## Gen. No. 27,041.

1. DIVORCE—*when divorced father not liable for medical services to minor child.* In an action brought under the family expense statute (Cahill's Ill. St. ch. 68, ¶ 15) by a physician against the father of a minor child for medical services to the latter, where defendant had been divorced and the sole custody of the child given to the mother, who was granted $10 per week for alimony and support of the child, and after the mother's remarriage the decree was modified so that defendant was ordered to pay $5 per week for the support of the child, who continued in the custody of the mother, and defendant had not requested the services or contracted the obligation in any way, *held* that plaintiff was not entitled to recover.

2. DIVORCE—*when divorced parent not liable for medical services to minor child.* Where a decree of divorce awards the custody of a minor child to one parent, the other parent is not liable to the child in the absence of an express promise or facts or circumstances from which a promise can be implied.

3. HUSBAND AND WIFE—*existence of family in fact as necessary to recovery under family expense statute.* Before recovery can be had under the family expense statute (Cahill's Ill. St. ch. 68, ¶ 15), there must be a family in fact.

4. DIVORCE—*family expense statute as not applicable where parents divorced.* The family expense statute (Cahill's Ill. St. ch. 68, ¶ 15) does not apply where the parents are divorced.

5. APPEAL AND ERROR—*when judgment reversed and judgment of nil capiat entered in Appellate Court.* Where under the law and the undisputed facts plaintiff is not entitled to recover, the judgment for plaintiff will be reversed and a judgment of *nil capiat* entered in the Appellate Court.

Appeal from the Municipal Court of Chicago; the Hon. THEODORE· F. EHLER, Judge, presiding. Heard in this court at the October term, 1921. Reversed and judgment of *nil capiat.* Opinion filed April 3, 1922.

GEORGE B. COHEN, for appellant.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an undefended appeal from a judgment on a verdict for $35 in a suit brought by plaintiff for medical services rendered to the minor child of defendant and Frieda Slutsky, his divorced wife.

The evidence shows that defendant and Frieda Slutsky were divorced by a decree of the circuit court of Cook county on February 25, 1918. The mother was given sole custody of the child and defendant, Slutsky, was ordered to pay her $10 a week for alimony and support of the child. Frieda Slutsky, after the divorce, married Jacob Yanofsky, and the divorce decree was thereupon modified so that defendant was ordered to pay $5 a week for the support of the child, who continued in the custody of her mother. The medical services in question were rendered thereafter, and it is not claimed that the defendant requested that they be rendered, or ratified them, or contracted the obligation in any way. In fact the defendant denied that he requested these services, and claimed that he had never seen the doctor and did not know him. The case was submitted to the jury under instructions that there was a family relation existing which obligated the defendant, and the jury were ordered only to inquire as to the reasonableness of the bill.

The action was under the family expense section of the statute (15), chapter 68 (Cahill's Ill. St. ch. 68, ¶ 15).

Upon the record plaintiff was not entitled to recover. Where a decree of divorce awards the custody of a minor child to one parent, the other parent is not liable for the medical services to the child in the absence of an express promise or facts or circumstances from which a promise can be implied. *Meling v. Lamb*, 202 Ill. App. 39; *Steele v. Leyhan*, 210 Ill. App. 201.

It has also been held that before a plaintiff may recover under the family expense statute, there must be a family in fact, and that the statute does not apply where the parents are divorced. *Schleginger v. Keifer*, 30 Ill. App. 253; *Rand v. Bogle*, 197 Ill. App. 476.

As under the law and the undisputed facts plaintiff is not entitled to recover in this suit, the judgment is reversed and judgment of *nil capiat* is entered in this court.

*Reversed and judgment of nil capiat.*

DEVER, P. J., and MATCHETT, J., concur.