I. I. BONDI ET AL., APPELLANTS, v. A. N. REAM, RESPONDENT.*

Kansas City Court of Appeals. March 1, 1926.

*Corpus Juris-Cyc. References: Divorce, 19CJ, section 674, p. 294, n. 91; Husband and Wife, 30CJ, section 130, p. 595, n. 80; section 136, p. 599, n. 28, 30.

*Montgomery, Rucker & Hays* for appellant.

*Paul Barnett* for respondent.

BLAND, J.—This is a suit against the husband of Daisy Ream for goods, wares and merchandise sold defendant's wife on the credit of defendant. It was alleged in the petition that the merchandise constituted necessaries which the husband refused and neglected to furnish the wife. The answer alleged that at the time of the delivery of the goods to the wife, she had abandoned the defendant, her husband, and was living separate and apart from him; that a divorce suit had

been instituted by her seeking to procure a divorce from the defendant; that at said time the court in which said suit was pending had ordered and adjudged that defendant pay his wife certain sums as temporary alimony and that these sums had been paid. The reply did not deny these allegations of the answer except the claim that the separation was due to the fault of the said Daisy Ream. It admitted the institution of the divorce suit, as stated, on April 1, 1921. It alleged that said Daisy Ream filed an answer and cross-bill seeking to secure a divorce on said cross-bill from the said Ream; that prior to the delivery of the goods described in the petition and on November 4, 1921, the circuit court denied the petition of said Daisy Ream for divorce as well as the prayer for divorce by this defendant, and alleged that from this decree the said A. N. Ream perfected an appeal to the Kansas City Court of Appeals, which court on January 8, 1923, affirmed the judgment of the circuit court. Plaintiff in his reply admitted that the said Daisy Ream filed an application for temporary alimony and attorney's fee pending the disposition of the divorce suit, and upon said application on May 26, 1921, the circuit court of Pettis county, upon agreement between the parties, granted alimony *pendente lite* in the sum of $125, and suit money in the amount of $100, and later, on November 4, 1921, the circuit court of Pettis county allowed the firm of Montgomery & Rucker, attorneys for plaintiff, Daisy Ream, an additional fee of $100 for services in the circuit court and $100 as an appeal fee, but made no allowance to Daisy Ream. After the filing of the reply plaintiff filed a motion for judgment upon the pleadings which the court sustained, and defendant has appealed alleging that the court erred in sustaining said motion.

From the admitted facts it appears that at the time the goods were furnished a divorce suit was pending between the said Daisy Ream and the defendant in the case at bar, and that they were living separate and apart; that the court had allowed the said Daisy Ream temporary alimony which had been paid at the time the goods sued for were furnished, which plaintiff says was three days after the refusal of the divorce by the trial court. A merchant furnishing goods to a wife living separate and apart from her husband, must ascertain at his peril whether the circumstances warrant him in giving credit to her. He must take notice that there is a separation. [Porter v. Bobb, 25 Mo. 36.] In a case similar to the one at bar, the Supreme Court said—

"A person who deals with a married woman living separate from her husband, is bound to make inquiries and ascertain whether, under the circumstances, her husband will be chargeable for the articles furnished. He gives her credit at his peril. The very object of the decree of alimony, is to furnish the wife with necessaries, and the court will take care that it be made effectual for that object, and

suited to the condition of the parties. By the decree, the husband is charged directly with the due maintenance of his wife; to make him responsible to persons with whom she might afterwards deal, would be to charge him indirectly for the same object." [Bennett v. O'Fallon, 2 Mo. 69, 70.]

Plaintiff seeks to distinguish the Bennett case from the one at bar, stating—

"In the Bennett case, supra, the circuit court decreed that the husband should pay to the wife the sum of $800 per annum during the pendency of the suit, and the same was paid. In this case the record discloses that the husband merely consented to the payment of $125 to his wife in May, 1921, and there is nothing in the record which indicates that the court contemplated that the $125 should relieve the husband of any further liability. This court will take judicial notice of its own records, and in the divorce suit of Ream v. Ream, it was admitted that the husband was worth in excess of $25,000. It is too patent to require any argument that $125 is not an adequate allowance for the wife over a period of some two years. It is also admitted in the proceeding above referred to that the wife had no means of her own."

The two cases cannot be distinguished. To entertain the suggestion that the allowance of alimony *pendente lite* was insufficient would be to permit a collateral attack upon the judgment for alimony in the divorce case. Plaintiff is suing in the right of the wife and is bound by the judgment for alimony in the divorce suit. [Crittenden v. Schermerhorn, 39 Mich. 661, 666.] The matter of the sufficiency of the allowance was one the court determined in the divorce case and until it has been altered by application on the part of the wife or set aside on appeal or otherwise (and there was no appeal from the order), the judgment is final. [30 C. J. 599; Hare v. Gibson, 32 Ohio St. 33, 38; Steele v. Leyhan, 210 Ill. App. 201; Crittenden v. Schermerhorn, supra.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.