MERCY CENTER FOR HEALTH CARE SERVICES, Plaintiff-Appellant, v. MARVIN LEMKE, Defendant-Appellee (Laura Friebele *et al.*, Defendants).

Second District   No. 2—89—0959

Opinion filed July 13, 1990.

Robert F. Brouch, of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Mercy Center for Health Care Services (Center), appeals the trial court's order dismissing count IV of plaintiff's complaint against defendant, Marvin Lemke, the trial court having ruled that defendant, a divorced noncustodial father, is not liable for his daughter's medical expenses under section 15 of "An Act to revise the law in relation to husband and wife" (family expense statute or statute) (Ill. Rev. Stat. 1987, ch. 40, par. 1015). On appeal, plaintiff contends that the trial court relied upon overruled case law and misapplied the statute. We agree with plaintiff's contention and conclude that the statute is applicable to the facts presented herein; thus, we reverse the judgment and remand the cause.

As a preliminary matter, we note that the appellee, Marvin Lemke, has failed to file a brief in this cause. As provided in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, we believe that the record is simple and the claimed er-

ror is such that we can decide it without the appellee's brief; we shall, therefore, address the merits of the appeal.

The record and the parties' stipulation reveal the following facts. Nicole Lemke is the daughter of defendant and Laura Friebele. Defendant and Laura were divorced in Will County, Illinois, on July 6, 1979. Laura subsequently married Wayne C. Friebele. At all times relevant to the instant action, Nicole was in Laura's custody.

On September 8, 1988, Nicole was admitted to the Center for medical evaluation, care and treatment. At the time of Nicole's hospitalization, defendant had in effect a health insurance policy covering his daughter with the Heritage National Health Plan. Plaintiff is not a "provider" health care facility pursuant to the Heritage policy. Nicole was discharged on October 4, 1988, and the cost for her hospitalization was $13,982.50, which remains unpaid at this time.

Plaintiff filed a four-count complaint against defendant and the Friebeles seeking payment for Nicole's hospital bills. In count IV, the only count pertaining to defendant, plaintiff alleged that defendant is liable for the balance due pursuant to the family expense statute. Defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), seeking dismissal of count IV. Defendant's motion alleged that, although the statute requires parents to pay for necessary expenses of their minor children, it does not apply where the parents are divorced. The parties argued the motion before the trial court and presented the court with a stipulation of facts. There was no court reporter, and the record does not contain a transcript of this proceeding.

The trial court took the matter under advisement and issued an opinion letter on July 31, 1989, in which the court advised the parties that it would grant defendant's motion to dismiss. The court stated:

> "In reaching a decision here I have reviewed *Carle Clinic Association vs. Seten*, 176 Ill. App. 3d 590 (4th Dist.); *Hess vs. Slutsky*, 224 Ill. App. 419 (1st Dist.); *Schlesinger and Mayer vs. Keifer*, 30 Ill. App. 253 (1st Dist.); *Van Winkle vs. Van Winkle*, 107 Ill. App. 3d 73 (3rd Dist.). There appears to be no case law on the issue presented from the Second District even in the form of *obiter dicta*.
>
> On the facts as presented, this Court cannot take the ambiguous *dicta* of the *Carle Clinic* 4th Dist. case and use it to overrule a line of appellate cases in other districts uniformly holding that the Family Expense Act is not a basis for recov-

ery from a noncustodial divorced parent of a minor child.

Until the legislature or the Second District addresses the issue, I believe the law is that the Family Expense Act is not applicable if there is no family—e.g., no 'husband and wife.' "

The court subsequently entered an order dismissing count IV of plaintiff's complaint and granted plaintiff leave to amend its complaint to allege a cause of action against defendant based on a theory other than the family expense statute. Further, the court found that there was no just reason for delaying enforcement or appeal of its order granting defendant's motion to dismiss count IV of plaintiff's complaint. Plaintiff's timely appeal ensued. The Friebeles are not parties to this appeal.

The family expense statute provides in relevant part:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill. Rev. Stat. 1989, ch. 40, par. 1015(a)(1).)

This portion of the statute has been in existence more or less intact since its adoption in 1874 (Ill. Rev. Stat. 1874, ch. 68, par. 15), and Illinois courts had repeatedly held that pursuant to its terms parents are responsible for the medical expenses of their minor children. *Graul v. Adrian* (1965), 32 Ill. 2d 345, 347.

As the trial court observed, appellate courts in other districts have held that the statute does not apply to situations where the child's parents are divorced. (*In re Marriage of Van Winkle* (3d Dist. 1982), 107 Ill. App. 3d 73, 79; *Hess v. Slutsky* (1st Dist. 1922), 224 Ill. App. 419, 421.) To date, this court has not addressed the issue.

In *Hess*, the plaintiff sued the defendant father for the cost of medical services rendered to the defendant's child pursuant to the statute. The defendant and the child's mother were divorced at the time the services were performed, and the child was in the mother's sole custody. The defendant denied ever requesting, authorizing or contracting for the services and claimed that he had never seen the doctor and did not know him. In holding that the father was not liable, the court stated:

"Where a decree of divorce awards the custody of a minor child to one parent, the other parent is not liable for the medical services to the child in the absence of an express promise or facts or circumstances from which a promise can be implied. [Citations.]

It has also been held that before a plaintiff may recover un-

der the family expense statute, there must be a family in fact, and the statute does not apply where the parents are divorced. *Schleginger* [*sic*] *v. Keifer*, 30 Ill. App. 253; *Rand v. Bogle*, 197 Ill. App. 476." *Hess*, 224 Ill. App. at 421.

Plaintiff urges this court to disregard the *Hess* holding for several reasons. First, plaintiff argues that the family-in-fact requirement is outdated and has been overruled in *Carle Clinic Association v. Seten* (1988), 176 Ill. App. 3d 590. Secondly, plaintiff contends that recent amendments to the statute now provide for a medical care provider's cause of action against a noncustodial parent for treatment or services rendered to his or her minor children. (Compare Ill. Rev. Stat. 1987, ch. 40, par. 1015, and Ill. Rev. Stat. 1989, ch. 40, par. 1015.) Lastly, plaintiff asserts that public policy favors the creation of such a cause of action.

■ We agree that the rigid family-in-fact theory espoused in *Hess* is no longer the law in Illinois and believe that this holding and the case law upon which it relied have been effectively overruled in subsequent decisions of the Appellate Court for the First District and the Illinois Supreme Court. Thus, we reject this requirement and hold that the family expense statute is applicable to the instant action.

The *Hess* court based its conclusion that the family expense statute applied only to a "family-in-fact" on the same court's much earlier decision in *Schlesinger v. Keifer* (1889), 30 Ill. App. 253. There, the first district court held that a husband was not liable for his wife's purchases under the statute when the parties had ceased to live together prior to the advent of the wife's debt. The court stated: "[i]t would seem to be a condition precedent to any family expenses that there should be a family; a family in fact." (30 Ill. App. at 257.) Thus, the court affirmed the trial court's judgment ruling the husband not liable under the statute because there was no family.[1]

Ninety-nine years later, the first district addressed this issue again in *St. Mary of Nazareth Hospital v. Kuczaj* (1988), 174 Ill. App. 3d 268, where the court held a husband liable for the cost of his wife's hospitalization under the family expense statute although the parties had been living separately and their divorce was pending at the time of the hospitalization. The court considered the statute and concluded that, pursuant to its terms, one spouse may be legally

---

[1]The appellate court's judgment was affirmed in *Schlesinger v. Keifer* (1889), 131 Ill. 104, but the supreme court neither addressed nor ruled upon this issue as it had not been preserved for appeal.

obliged to pay the other spouse's hospital and medical expenses whether the couple are living together or separately. (174 Ill. App. 3d at 274.) This holding relies in part on *Fortner v. Norris* (3d Dist. 1958), 19 Ill. App. 2d 212, 215-16, where the court stated:

"It must be conceded that the Family Expense Act imposes a legal liability upon the plaintiff herein, for the hospital, medical and funeral expenses of her husband even though they may be living apart. *The Act itself sets out no exceptions*, but simply provides that the husband and wife, or either of them, shall be liable for the family expenses \*\*\*." (Emphasis added.)

■■ We now consider a parent's liability for his or her child's medical expenses pursuant to the statute in the event the parents are divorced or living separately. It has long been the law in this State that a father's obligation to support his children is not destroyed by divorce. As the supreme court put it so eloquently years ago:

"While the marriage relation may be dissolved and the marital rights and duties thereby brought to an end, the relation of parent and child cannot be destroyed. The obligation of the father to support his children begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person. [Citation.] His children are of his blood. It is not their fault that their parents have been divorced. It is their right to be given care by those who brought them into the world until they are old enough to take care of themselves." *Kelley v. Kelley* (1925), 317 Ill. 104, 110.

The Appellate Court for the First District observed this principle in *Nelson v. Nelson* (1950), 340 Ill. App. 463, 468, where it relied at length on *Kelley* and further stated: "[t]he duty of a parent to support his minor child arises out of a natural relationship. [Citation.] And the claim for support of children is one which transcends any contractual obligation." See also *Blisset v. Blisset* (4th Dist. 1986), 144 Ill. App. 3d 1088, 1091, *aff'd in part & rev'd in part* (1988), 123 Ill. 2d 161, 172; *Huckaby v. Huckaby* (5th Dist. 1979), 75 Ill. App. 3d 195, 199; *People ex rel. Hartshorn v. Hartshorn* (2d Dist. 1959), 21 Ill. App. 2d 91, 103.

■ In view of the well-established rule of law that a parent's obligation to support his or her child is not abrogated by divorce and the evisceration of the *Hess* holding and its antecedent, we conclude

that the family expense statute does not except divorced parents from its purview. We hold that the statute does impose a legal liability on a noncustodial parent for the hospital and medical expenses of his or her minor child regardless of the parent's marital status. The statute itself sets out no exception, and to the extent that *Hess* and *Van Winkle* hold otherwise, we respectfully decline to follow their rulings.

We hasten to add that we do not presume to overrule either of these decisions as we lack the authority to do so and because we are not bound by their holdings. (*Hughes v. Bandy* (1949), 336 Ill. App. 472, 478.) In this regard, we reject plaintiff's contention that *Carle Clinic,* a decision issued by the Appellate Court for the Fourth District, overruled *Hess,* a ruling issued by the Appellate Court for the First District. We note further that the plaintiff in *Carle Clinic,* proceeded solely on a contractual theory rather than under the family expense statute. Although we agree with the policy considerations expressed in *Carle Clinic* (176 Ill. App. 3d 590, 597) ("[t]he primary responsibility for family expenses of minor children, regardless of the marital status of mom and dad, is mom and dad"), its holding does not provide authority for the interpretation and application of the family expense act. Rather, we believe that *Hess* has been implicitly overruled by other first district and supreme court decisions as discussed above.

In holding as we do, we find it unnecessary to address plaintiff's additional appellate contentions.

Accordingly, the judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

DUNN and INGLIS, JJ., concur.